NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3190

L.C. WADE,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  November 21, 2005
_____

Before NEWMAN, RADER, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

Mr. L.C. Wade petitions for review of the decision of the Merit Systems Protection Board, Docket No. DA0752040019-I-1, dismissing his appeal of his allegedly involuntary disability retirement and denying corrective action under the Uniformed Services Employment and Reemployment Rights Act.  We <u>affirm</u> the decision of the Board.

***Background***

Mr. Wade, a Vietnam veteran, was employed as a mail carrier by the U.S. Postal Service at the Homer, Louisiana Post Office, starting in 1981.  In September 1995 he sustained a back injury while on the job.  He remained out of work for fourteen months and was then sent for a fitness for duty examination.  Following the evaluation, Mr. Wade asked to be placed in a light duty position at the Homer Post Office.  No such position was available at that time, and Mr. Wade declined the Postal Service's offer to find him a light duty position in Shreveport because of the difficulty of driving with his back injury.  In 1997 he applied for, and was granted, disability retirement.

Five months before his retirement Mr. Wade filed an EEO complaint, alleging that the agency failed to accommodate his back injury and his post traumatic stress disorder. He later withdrew that complaint and filed an action in the United States District Court for the Western District of Louisiana, alleging discrimination based on his race and disabilities. The district court action was decided against him on summary judgment, and he did not appeal that decision.

In October 2003 Mr. Wade filed a complaint with the Merit Systems Protection Board, alleging that his retirement was involuntary.  He charged that the Postal Service had discriminated against him because of his race and disabilities and because he was a disabled Vietnam veteran, in violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA).  The administrative judge dismissed the involuntary retirement claim based on Mr. Wade's failure to make a non-frivolous allegation that his retirement was coerced.  The administrative judge also dismissed the discrimination

05-3190                                     2

complaint and denied relief under USERRA. The full Board declined review, and this appeal followed.

***Discussion***

Resignations and retirements from federal employment are presumed to be voluntary, and voluntary actions are not appealable to the Board. See, e.g., Braun v. Department of Veterans Affairs, 50 F.3d 1005 (Fed. Cir. 1995). However, a resignation or retirement is not voluntary if it was "coerced" by the agency. In order to show coercion, the employee must establish that "the agency effectively imposed the terms of the employee's resignation or retirement, that the employee had no realistic alternative but to resign or retire, and that the employee's resignation or retirement was the result of improper acts by the agency." Staats v. United States Postal Service, 99 F.3d 1120 (Fed. Cir. 1996) (citing Schultz v. United States Navy, 810 F.2d 1133, 1136 (Fed. Cir. 1987)).

The administrative judge ruled that in order to show an involuntary disability retirement, Mr. Wade was required to demonstrate, *inter alia*, that there was a position available within the agency whose duties Mr. Wade could perform, and that he was not offered that position. See Nordhoff v. Department of the Navy, 78 M.S.P.R. 88 (1998), aff'd, 185 F.3d 886 (Fed. Cir. 1999) (Table)("To establish Board jurisdiction, an appellant who claims to have been constructively removed through an involuntary disability retirement must show that there was an accommodation available on the date of his separation that would have allowed him to continue his employment, and that the agency did not provide him that accommodation."); see also Rule v. Department of Veterans Affairs, 85 M.S.P.R. 388, 394 (2000) ("Thus, an appellant can establish that the agency

deprived him of free choice with respect to disability retirement if he can prove that there was an accommodation available on the date of his separation, either at *or below* his grade or level, that would have allowed him to continue his employment.")

The Postal Service certified that there was no available light duty position within Mr. Wade's commuting area, and Mr. Wade stated that he was unable to travel to Shreveport. Mr. Wade argued that the agency could have accommodated his disability by giving him light duty tasks at a local Post Office such as casing and sorting mail, answering the telephone, or becoming a supervisor. The Board concluded, based on the submissions of Postal Service personnel, that such activity did not constitute a complete employment position. While the agency is required to assign a disabled employee to a position he can perform, if one exists, it is not required to generate such a position when it does not reasonably exist. See McFadden v. Department of Defense, 85 M.S.P.R. 18, 25 (1999)("An agency is not obligated to accommodate a disabled employee by permanently assigning her to light-duty tasks when those tasks do not comprise a complete and separate position."); Mengine v. U.S. Postal Service, 82 M.S.P.R. 123, 127 (1999) (same); Robinson v. Department of the Air Force, 77 M.S.P.R. 486, 492 (1998) (same)).

Mr. Wade also argued that he was discriminated against based upon his race. To establish Board jurisdiction of his discrimination claim, Mr. Wade must allege some action taken against him that was based on discrimination. Mr. Wade has pointed to no adverse action that can serve as the basis for his racial discrimination claim.

Mr. Wade also alleged that the Agency had discriminated against him because he was a disabled Vietnam veteran, in violation of the Uniformed Services Employment and

05-3190                                    4

Reemployment Rights Act. The Board found that there was no evidence to justify such a conclusion, and Mr. Wade has not pointed to any such evidence.

The Board correctly held that Mr. Wade failed to allege specific actions by the Postal Service which, if proved, would establish that his disability retirement was involuntary. The decision of the Board is affirmed.