Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3021

MARIA E. WILLIAMS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

DEPARTMENT OF THE ARMY,

Intervenor.

<u>Maria E. Williams</u>, of San Antonio, Texas, pro se.

<u>Jeffrey A. Gauger</u>, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were <u>B. Chad Bungard</u>, General Counsel, <u>Rosa M. Koppel</u>, Deputy General Counsel, and <u>Sara B. Rearden</u>, Acting Associate General Counsel. Of counsel was <u>Raymond W. Angelo</u>.

<u>John S. Groat</u>, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With him on the brief were <u>Peter D. Keisler</u>, Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Steven J. Gillingham</u>, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3021

MARIA E. WILLIAMS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

DEPARTMENT OF THE ARMY,

Intervenor.

---

DECIDED: June 14, 2007

---

Before SCHALL, <u>Circuit Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and DYK, <u>Circuit Judge</u>.

PER CURIAM.

## DECISION

Maria E. Williams petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed for lack of jurisdiction her appeal from an alleged involuntary disability retirement. The Board determined that Ms. Williams'

disability retirement was not involuntary.  <u>Williams v. Dep't of the Army</u>, No. DE-0752-05-0185-I-2 (M.S.P.B. Aug. 2, 2006).  We <u>affirm</u>.

DISCUSSION

I.

Ms. Williams began work as a secretary with the USA Medical Department Activity, Department of the Army, at Fort Riley, Kansas, on October 4, 1999.  Subsequently, for the period October 4, 1999, to April 30, 2000, she received a "successful" rather than "excellent" rating on her performance appraisal.  After receiving her performance appraisal, Ms. Williams sought treatment for depression from the Fort Riley Medical Health Clinic in June of 2000.  On July 8, 2000, Ms. Williams filed an equal employment opportunity ("EEO") complaint alleging that her performance appraisal was based on her national origin (Cuban).  A psychiatric evaluation, dated July 28, 2000, noted that "[t]his [performance evaluation] has interfered with her work by causing her to be anxious and upset and have difficulty concentrating, and to feel mistrustful and uncomfortable with her supervisors and co-workers."

On August 28, 2000, the Army notified Ms. Williams that from September 29, 2000, to January 22, 2001, she would be detailed to the position of Military Personnel Clerk in the Personnel Division at Fort Riley in order to give her an opportunity to improve her performance in a less stressful environment.  Instead of reporting for the detail, however, Ms. Williams presented medical documentation requesting extended leave of absence from September 29, 2000, to May 1, 2001, due to her depression.  On December 21, 2000, Ms. Williams amended her EEO complaint to include a claim that

the detail to the position of Military Personnel Clerk was an act of reprisal by her supervisor.

On March 22, 2001, the Army notified Ms. Williams of her reassignment to an Administrative Assistant position in the Personnel Division at Fort Riley. The next month, Ms. Williams' therapist and psychiatrist both stated that she was unable to return to work. Accordingly, the Army granted Ms. Williams' request for an additional 90 days of leave without pay from May 6, 2001, to August 4, 2001. The Army advised Ms. Williams that if she felt she was "totally incapacitated for duty and unable to provide useful or efficient service," she might wish to inquire about disability retirement. Ms. Williams then applied for disability retirement. Her application was approved, and her retirement became effective on October 30, 2001.

On July 9, 2003, the Army issued a Final Agency Decision ("FAD") dismissing Ms. Williams' EEO complaint. Ms. Williams appealed this dismissal to both the Equal Employment Opportunity Commission's Office of Federal Operations ("OFO") and the Board. The Board dismissed her Board appeal without prejudice so that she could pursue her OFO appeal. On November 29, 2004, OFO found that Ms. Williams' discrimination complaint was a mixed case because there was a matter appealable to the Board involved and remanded the complaint to the Army with instructions to issue a new FAD with Board appeal rights. On January 18, 2005, the Army issued a FAD notifying Ms. Williams that she could appeal to the Board.

On February 22, 2005, Ms. Williams appealed to the Board.[1] In his acknowledgment order, the administrative judge ("AJ") explained that the Board might

---

[1] Ms. Williams appealed the alleged involuntary retirement disability claim and the discrimination and reprisal claims.

not have jurisdiction over her appeal because retirements are presumed voluntary and, consequently, not appealable. The AJ ordered Ms. Williams to file evidence and argument in order to prove that her disability retirement was involuntary so as to vest the Board with jurisdiction.[2] In an initial decision dated February 17, 2006, the AJ dismissed the appeal for lack of jurisdiction, finding that Ms. Williams had not proven that her disability retirement was involuntary because she had not identified a reasonable accommodation that would have allowed her to continue working and had only made 'de minimis allegations of harassment.'" Williams v. Dep't of the Army, No. DE-0752-05-0185-I-2 (M.S.P.B. Feb. 17, 2006). On August 2, 2006, the AJ's initial decision became the final decision of the Board when the Board denied Ms. Williams' petition for review. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

---

[2] Because "the Board may not reach discrimination issues in mixed cases unless jurisdiction is established with respect to the adverse action alleged," Ms. Williams needed to establish jurisdiction over the involuntariness claim before the Board could reach the issue of discrimination. See Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1325 (Fed. Cir. 2006) (en banc).

A retirement "is presumed to be a voluntary act and, therefore, beyond the Board's jurisdiction." Mintzmyer v. Dep't of the Interior, 84 F.3d 419, 423 (Fed. Cir. 1996) (citing Braun v. Dep't of Veterans Affairs, 50 F.3d 1005, 1007 (Fed. Cir. 1995)). The Board, however, does have jurisdiction over an appeal by an employee whose retirement was involuntary—an involuntary retirement being deemed a constructive removal. Mintzmyer, 84 F.3d at 423. On appeal, Ms. Williams argues that her retirement was involuntary and, therefore, under the Board's jurisdiction. Ms. Williams alleges that the "harassment and mistreatment" she suffered from co-workers made her disability retirement involuntary. However, Ms. Williams (who waived a hearing) has failed to establish harassment by a preponderance of the evidence. She points to an affidavit from a former co-worker stating that "Noss [the lead Executive Secretary] also informed me that she was involved in causing a secretary in the command wing to be removed from her post. She didn't tell me the secretary's name or give me any other details other than that this secretary was 'too nosey.'" Pet. App. Attachment E. Ms. Williams also offers an affidavit from another co-worker stating that three of the five subordinate employees in Ms. Williams' office had claimed it was a hostile work environment. Pet. App. Attachment F. The Board did not err in concluding that these "de minimis allegations of harassment" were insufficient to show by a preponderance of the evidence that Ms. Williams' disability retirement was involuntary.

Nor has Ms. Williams established an involuntary disability retirement based on the agency's failure to make a reasonable accommodation for her disability.

In order to establish such a claim of involuntary disability retirement, the claimant must prove that: (1) after the onset of her disability and prior to her retirement, she sought to continue working, despite her medical limitations, with an accommodation; (2) an accommodation was available on the date of her retirement at, or above, her position level; and (3) the agency refused to provide her with an accommodation. See Benavidez v. Dep't of Navy, 241 F.3d 1370, 1375 (Fed. Cir. 2001) (affirming a Board decision using these criteria).

Ms. Williams contends that her request that the Army cease harassing her was a request for reasonable accommodation. She also argues that the AJ "only considered an isolated amount of the facts available and came nowhere near considering the totality of the circumstances," citing Shoaf v. Department of Agriculture, 260 F.3d 1336 (Fed. Cir. 2001), for the proposition that this court must consider the totality of the circumstances in order to determine if a retirement is voluntary.

Having considered the record, we are compelled to reject Ms. Williams' arguments. The Board considered all of the evidence before it and applied the correct standard to this evidence in deciding that it lacked jurisdiction. We agree with the AJ's decision that the cessation of subjective, unproven agency harassment is not a reasonable accommodation. Moreover, Ms. Williams has pointed to no evidence indicating that she notified the Army that she wished to continue working with a modification of her working conditions or duties or that there was a reasonable accommodation available that the Army failed to offer her. The record, instead, indicates that Ms. Williams was unable to return to work and that she eventually was granted disability retirement. Consequently, we hold that the Board's decision that Ms.

Williams failed to establish a claim of involuntary retirement is supported by substantial evidence and is free of legal error.

For the foregoing reasons, the final decision of the Board is affirmed.

No costs.