NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3002

L.C. WADE,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

<u>L.C. Wade</u>, of Homer, Louisiana, pro se.

<u>Devin A. Wolak</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were <u>Jeffrey S. Bucholtz</u>, Acting Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Kirk T. Manhardt</u>, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3002

L.C. WADE,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in DA3443060125-I-2.

_____

DECIDED: March 7, 2008

_____

Before BRYSON, LINN, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

DECISION

The petition in this case arises from a decision of the Merit Systems Protection Board in the second of three appeals filed by petitioner L.C. Wade, all of which are based on the same underlying events. The Board ruled in this case that Mr. Wade had failed to make non-frivolous allegations that he was subjected to a constructive suspension, and it therefore dismissed his appeal for lack of jurisdiction. We agree with the Board's analysis, and we therefore <u>affirm</u>.

BACKGROUND

Mr. Wade was a United States Postal Service letter carrier in Homer, Louisiana. On September 2, 1995, he sustained an on-the-job back injury. He applied for compensation benefits from the Office of Workers Compensation Programs and was ultimately granted compensation benefits for his injury. In 1997, Mr. Wade applied for and was granted disability retirement. In his application, he alleged that "[s]evere limitations caused by back injuries make it virtually impossible to perform any jobs."

In 2003, Mr. Wade filed an appeal with the Merit Systems Protection Board, contending that his application for disability retirement was involuntary because the Postal Service could have found a light-duty position for him that would have accommodated his disability. He identified the kinds of light-duty assignments that he could have performed as including casing mail, sorting mail, answering the telephone, and serving as a supervisor. The Postal Service responded that there were no suitable light-duty positions available.

The Board rejected Mr. Wade's argument, holding that the evidence showed that the Postal Service had no appropriate light-duty position that was acceptable to Mr. Wade. The Board noted that an "agency is not obligated to accommodate a disabled employee by permanently assigning her to light duty tasks when those tasks do not comprise a complete and separate position." McFadden v. Dep't of Defense, 85 M.S.P.R. 18, 20 (1999). The Board found that "none of the 'light duty' assignments which the appellant argues he should have been given[] appear to 'comprise a complete and separate position.'" Therefore, the Board ruled that Mr. Wade had failed to make a

non-frivolous allegation of involuntary retirement, and it dismissed his appeal for lack of jurisdiction.

We affirmed the Board's order. With respect to Mr. Wade's contention that the Postal Service had light-duty work that he could have been assigned, we stated:

> The Board concluded, based on the submissions of Postal Service personnel, that such activity did not constitute a complete employment position. While the agency is required to assign a disabled employee to a position he can perform, if one exists, it is not required to generate such a position when it does not reasonably exist.

Wade v. U.S. Postal Serv., 157 Fed. Appx. at 270. Because Mr. Wade had failed to allege any specific actions by the Postal Service that would, if proved, render his decision to apply for disability retirement involuntary, we upheld the Board's rejection of his claim.

Mr. Wade then filed the present appeal with the Board. In this case, he has made essentially the same arguments that he made in the first appeal, although he now contends that he was subjected to a constructive suspension when the Postal Service failed to provide him with a light-duty assignment. The Board again rejected his argument. The Board noted that the "light-duty assignment" issue had been fully litigated in the first appeal, and it held that under principles of collateral estoppel the "light-duty" issue was not open for relitigation in the second appeal. Accordingly, the Board ruled that Mr. Wade had not made a non-frivolous allegation of facts that could give rise to relief and it dismissed his appeal for lack of jurisdiction.[1]

---

[1] Mr. Wade recently filed a third appeal based on the same underlying events, in which he argued that he was denied due process when he was placed on non-duty status between August 1996 and April 1997. The Board has dismissed that appeal.

DISCUSSION

The Board has explained that "once an employee who was absent due to a medical condition makes a non-frivolous allegation that he is able to work within certain restrictions, that he communicates his willingness to work, and that the agency does not allow him to return, the burden of production shifts to the agency to show either that there was no work available within the employee's restrictions, or that it offered such work to the employee and he declined it. If the agency meets its burden, the appellant must then present sufficient rebuttal evidence to meet his overall burden of persuasion." Baker v. U.S. Postal Serv., 71 M.S.P.R. 680, 693 (1996).

In this case, the record reflects that Mr. Wade was unable to work after injuring his back in September 1995 and that he periodically requested to return to work. The Board found in Mr. Wade's first appeal, however, that there was no light-duty position available at the Homer, Louisiana, Post Office. Wade v. U.S. Postal Serv., 157 Fed. Appx. 268 (Fed Cir. 2005). Based on that prior resolution of the "light-duty" issue, the Board properly held that the doctrine of collateral estoppel precluded Mr. Wade from asserting in this case that there were light-duty positions available at the Homer facility. Therefore, the Board properly dismissed the appeal for lack of jurisdiction.

"Like other tribunals, the Board may apply collateral estoppel where: (i) the issue previously adjudicated is identical with that now presented, (ii) that issue was actually litigated in the prior case, (iii) the previous determination of that issue was necessary to the end-decision then made, and (iv) the party precluded was fully represented in the prior action." Morgan v. Dep't of Energy, 424 F.3d 1271, 1274-75 (Fed. Cir. 2005). In Mr. Wade's 2003 appeal, he asserted that there were light-duty positions available, the

Postal Service denied that there were any such positions, and both sides presented evidence in support of their positions. The Board reviewed the evidence, found that there were no positions available, and held that the Postal Service was not required to create a position for Mr. Wade. The determination of the availability of light-duty work was necessary to the outcome of that case because Mr. Wade had to show that a light-duty position was available in order to prove that his disability retirement was involuntary. Nordhoff v. Dep't of the Navy, 78 M.S.P.R. 88 (1998), aff'd, 185 F.3d 886 (Fed. Cir. 1999) (table). Mr. Wade had a full and fair chance to litigate the issue in the 2003 appeal. Because the "light-duty" issue was common to both the 2003 appeal and this one, Mr. Wade is estopped from contending that the Postal Service had light-duty positions available at the time he was seeking to return to work. In light of that ruling, the Board correctly held that Mr. Wade has not raised a non-frivolous allegation of fact that, if proved, would show that he was constructively suspended.

Mr. Wade claims also (1) that the Board failed to realize that he had presented a constructive suspension claim; (2) that the Board erred by failing to reconsider his claims in light of new facts he presented to the Board; (3) that the Postal Service denied him due process when it failed to provide him with notice and an opportunity to respond to his constructive suspension; and (4) that he never received any explanation in writing as to why he was put on non-duty status.

As to the first point, the Board clearly noted that Mr. Wade was claiming that the Postal Service had constructively suspended him. It then went through the jurisdictional issue and concluded that Mr. Wade "failed to raise a nonfrivolous allegation of facts that, if proven, could show that . . . the agency constructively suspended him."

As to the second point, the allegedly new evidence that Mr. Wade submitted is a notice from the Office of Workers Compensation Programs notifying him that he will receive disability compensation from March 19, 2007 to January 30, 2010. He also refers to a medical report that he received on January 12, 2006, in which a physician advised him that he could return to full time work. Neither of those documents bears in any way on the question whether the Postal Service had a light-duty position available at the Homer facility prior to the time Mr. Wade applied for disability retirement. That new evidence is therefore immaterial to Mr. Wade's constructive suspension appeal.

As to the third point, Mr. Wade's contention that he was suspended without due process overlooks the fact that he has failed to make a showing that he was constructively suspended, rather than having voluntarily chosen to apply for disability retirement. There is no dispute that in 1996 and 1997, Mr. Wade was not capable of returning to his full-time position. Given that the agency has conclusively established that it had no light-duty positions available, the agency had no alternative but to place him on non-duty status, as the agency explained to Mr. Wade at the time. Due process did not require anything more.

As to the fourth point, Mr. Wade claims that he never received any explanation in writing as to why he was put on non-duty status. In fact, the record shows that Mr. Wade was provided with clear statements from the Postmaster of the Homer facility explaining that, in light of Mr. Wade's medical restrictions and the unavailability of light-duty positions at the Homer facility, there was no accommodation available for his condition.

Finally, Mr. Wade complains that his supervisor at the Homer, Louisiana, post office mentioned the possibility of a light-duty position in the Shreveport, Louisiana, Post Office, but never actually offered him that position. At the time, however, Mr. Wade stated that he would not accept such a position because his bad back would not allow him to make the long drive to Shreveport. Therefore, the record makes clear that Mr. Wade was not willing to consider such a position even if one existed.

For the foregoing reasons, we sustain the decision of the Board.