NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**L.C. WADE,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3005

---

Petition for review of the Merit Systems Protection Board in case no. DA0353100418-I-1.

---

Decided: March 13, 2012

---

L.C. WADE, of Homer, Louisiana, pro se.

KATHERINE M. SMITH, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before RADER, *Chief Judge*, LOURIE and MOORE, *Circuit Judges*.

PER CURIAM.

L.C. Wade appeals from the final order of the Merit Systems Protection Board (Board) dismissing his appeal as untimely filed. *Wade v. U.S. Postal Serv.* (*Final Order*), No. DA-0353-10-0418-I-1, slip op. at 4 (M.S.P.B. Aug. 18, 2011). For the reasons discussed below, we *affirm*.

## BACKGROUND

Mr. Wade sustained a back injury while working as a United States Postal Service Letter Carrier in 1996 and his last day in a pay status was August 17, 1996. He was granted disability retirement in 1997 and has received a retirement annuity since that time. Mr. Wade previously filed two other appeals in this court stemming from his employment with the Postal Service. *See Wade v. U.S. Postal Serv.*, 268 Fed. App'x 968 (Fed. Cir. 2008) (non-precedential); *Wade v. U.S. Postal Serv.*, 157 Fed. App'x 268 (Fed. Cir. 2005) (non-precedential).

In 2005, Mr. Wade filed two appeals to the board. In *Wade v. United States Postal Service*, No. DA-3443-06-0125-I-1 (M.S.P.B. Jan. 24, 2006), he claimed he was constructively suspended by the Postal Service. In *Wade v. United States Postal Service*, No. DA-0353-06-0124-I-1 (M.S.P.B. Jan. 24, 2006), he sought restoration rights under 5 C.F.R. § 353.301. On December 20, 2005, the Board issued an Order to Show Cause because it appeared that the Board lacked jurisdiction over Mr. Wade's restoration claim and that it was untimely. The Order set forth the jurisdictional and the timeliness requirements for restoration claims. At Mr. Wade's request, both appeals were dismissed without prejudice with the requirement that he refile his appeals no later than July 24,

2006. He refiled the appeal dealing with constructive suspension and eventually appealed it to this court where we upheld the Board's dismissal for lack of jurisdiction. *Wade*, 268 Fed. App'x at 970, 972. Mr. Wade did not file any restoration rights appeals again until he filed the present appeal on May 4, 2010. *See Wade v. U.S. Postal Serv.* (*Initial Decision*), No. DA-0353-10-0418-I-1, slip op. at 4 (M.S.P.B. Aug. 25, 2010).

In this appeal, Mr. Wade argued that the Postal Service denied him his restoration rights as a physically disqualified individual under 5 C.F.R. § 353.301(c) effective August 17, 1996 and sought back pay and no time lost. The Administrative Judge dismissed Mr. Wade's appeal for lack of jurisdiction because he "failed to raise a nonfrivolous allegation of any facts that could show that the agency violated any rights he might have had to be restored to duty by the agency in 1996, or at any time thereafter."

On petition for review, the full Board raised the question of timeliness. The Board assumed jurisdiction existed for the purpose of determining timeliness, and issued an Order to Show Cause because the events in question occurred in 1996 and 1997 and appeals to the board must generally be filed within 30 days of the later of the effective date of the action being appealed or the appellant's receipt of the agency's decision. *See* 5 C.F.R. § 1201.22(b). The Board determined that Mr. Wade was not given proper notice of his appeal rights in 1996 and 1997 as required by 5 C.F.R. § 353.104. Thus, the Board stated Mr. Wade's untimeliness could be excused if he acted diligently in filing his appeal after learning of his appeal rights. *Final Order*, slip op. at 2-3. The Board determined that Mr. Wade learned of his right to appeal no later than December 20, 2005 when the Board issued

its Order to Show Cause during his previous restoration rights appeal.

Therefore, the Order to Show Cause issued in the present appeal required him to justify a delay of over four years with evidence to establish that the appeal was timely or that good cause excused the delay. The Order explained that to show the delay should be excused for illness, Mr. Wade would have to present medical evidence showing he suffered from an illness during the period of delay and he must explain how the illness prevented him from timely filing.

Although some of the evidence was submitted after the deadline set by the Board, Mr. Wade presented evidence that he was deemed incompetent by the Department of Veteran's Affairs as of March 4, 2004; he also presented evidence relating to his post traumatic stress disorder covering the period of 1992 to 2008. *Final Order*, slip op. at 3. Mr. Wade argued that he is incompetent; that he does not understand the Board's procedures; he was never given the required notice of appeal; and that none of the appeals he filed around 2005 demonstrate he could have timely filed his appeal. The Board disagreed and found that Mr. Wade did not exercise due diligence after learning of his appeal rights in 2005 and that there was no good cause for the delay. *Final Order*, slip op. at 4. The Board determined that his alleged incompetence was not good cause for delay because Mr. Wade engaged in significant ongoing litigation between 2005 and 2010 and "an appellant's ability to participate in other litigation fatally undermines the appellant's claim that his disability prevented him from filing a petition for review or a request for an extension." *Id.* Additionally, the Board noted that even for a pro se appellant, a delay of 4 years is material. *Id.* Mr. Wade now appeals to our court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

On appeal, Mr. Wade argues that he did in fact refile his appeal in 2006; that the Board improperly ignored his medical evidence because it was subjective; and that his incompetence excuses his delay, citing *French v. Office of Personnel Management*, 810 F.2d 1118, 1120 (Fed. Cir. 1987). We first note Mr. Wade's argument that he refiled his appeal in 2006 is meritless. He did refile an appeal in 2006, but it was the appeal dealing with constructive suspension, not restoration rights. *See Initial Decision*, slip op. at 4. Second, the Board did not improperly ignore medical evidence. The Board properly excluded some evidence that was filed after the deadline set by the Board because Mr. Wade failed to explain why it was previously unavailable. *Final Order*, slip op. at 2.

Finally, *French* does not require the Board to excuse Mr. Wade's delay because there is substantial evidence to support the Board's conclusion that Mr. Wade's alleged incompetence was not good cause for delay. For example, since December 20, 2005, Mr. Wade refiled an appeal with the Board, filed three new appeals with the Board (including this one), timely filed two petitions for review before the Board, appealed a Board decision to this court, and filed two EEOC actions. Therefore, substantial evidence supports the Board's finding that Mr. Wade's ability to participate in other litigation fatally undermines his claim that his alleged incompetence prevented him from

filing his appeal or a request for an extension. *See Final Order*, slip op. at 4.

We conclude that the Board correctly determined that Mr. Wade's appeal was untimely and affirm its dismissal. We have considered Mr. Wade's other arguments on appeal and find them to be without merit.

**AFFIRMED**

COSTS

No costs.