NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DARLENE M. BROUGHTON,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3063

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-13-0101-I-1.

---

Decided: September 11, 2014

---

DARLENE M. BROUGHTON, of Colorado Springs, Colorado, pro se.

CALVIN M. MORROW, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief was BRYAN G. POLISUK, General Counsel.

---

Before DYK, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

Petitioner Darlene Broughton appeals the final decision of the Merit Systems Protection Board, which dismissed her claim of involuntary retirement for lack of jurisdiction. Ms. Broughton argues that her resignation was involuntary because of the presence of noxious chemical odors at her workstation, which triggered her asthma. An administrative judge concluded that Ms. Broughton failed to prove her resignation was involuntary by a preponderance of the evidence, and therefore dismissed the case for lack of jurisdiction over a voluntary resignation. The Board affirmed the administrative judge's decision. Because substantial evidence supports the decision, we affirm.

I

Ms. Broughton was employed by the Department of Veterans Affairs (hereinafter, the agency) as a Program Support Assistant. *Broughton v. Dep't of Veterans Affairs*, MSPB Docket No. SF-0752-13-0101-I-1 at 1 (Initial Decision, January 10, 2014) (hereinafter, Initial Decision). Ms. Broughton suffers from asthma, which she claimed was triggered in 2009 by "noxious chemicals or biohazardous waste" near her desk. *Id.* at 1–2. At one point her reaction was so severe that she collapsed after leaving work and an ambulance had to be called. *Id.* at 2. Ms. Broughton believed that her coworkers deliberately placed poisonous substances near her workspace in an effort to cause asthmatic reactions. *Id.*

After she complained to the agency, an industrial hygienist investigated the smell but could not find any sources of problems near Ms. Broughton's desk. Initial Decision at 2. The hygienist gave Ms. Broughton a spray to dissipate odors and discussed other options, such as installing a fan, with Ms. Broughton's supervisor. However, during this time, Ms. Broughton's performance at work began to suffer: she received a counseling letter for

failing to follow her supervisor's instructions and for engaging in "frightening and disruptive behavior in the workplace," and her supervisors planned to give her another counseling letter for a series of absences. *Id.* Ms. Broughton resigned in early May 2009. *Id.* The State of Washington awarded her unemployment benefits after a non-adversarial hearing in which Ms. Broughton showed she had good cause to quit her job. *Id.*

Three years later, Ms. Broughton filed an appeal stating that her resignation was involuntary and due to duress. She requested the within-grade increase in pay she would have received had she not been forced from her position, and asserted other claims as well. *See* Initial Decision at 2. The agency moved to dismiss Ms. Broughton's appeal for untimeliness without good cause and for lack of jurisdiction over a voluntary action. The Board ruled that there was no jurisdiction, and therefore did not reach the issue of timeliness or Ms. Broughton's other claims. *Broughton v. Dep't of Veterans Affairs*, MSPB Docket No. SF-0752-13-0101-I-1 at 5 (Final Order, December 30, 2013) (hereinafter, Final Order).

## II

Whether the Board has jurisdiction to hear an appeal is a matter of law that this court reviews *de novo*. *Johnston v. Merit Sys. Prot. Bd.,* 518 F.3d 905, 909 (Fed. Cir. 2008). However, we are bound by the Board's factual findings on which a jurisdictional determination is based "unless those findings are not supported by substantial evidence." *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

We have held that the jurisdiction of the Board is not plenary, but is "limited to those areas specifically granted by statute or regulation." *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1327 (Fed. Cir. 2006) (en banc) (quoting *Antolin v. Dep't of Justice*, 895 F.2d 1395, 1396 (Fed. Cir. 1989)). Although the Board has jurisdiction over

employee removals, we have held "[n]othing in 5 U.S.C. § 7512, which enumerates specific adverse actions over which the Board has jurisdiction, extends the Board's jurisdiction to facially voluntary acts." *Id.* at 1328. As such, if an employee's resignation was voluntary, we must affirm the Board's dismissal for lack of subject-matter jurisdiction.

Employee-initiated actions such as a resignation are presumed voluntary. *Garcia*, 437 F.3d at 1329. An employee may rebut this presumption by establishing, by a preponderance of the evidence, that a self-initiated action was actually coerced by the agency or otherwise involuntary, and thus "tantamount to forced removal." *Id.* at 1328. We have found employee-initiated actions to be involuntary when they are the product of the agency's misinformation or deception, or the result of coercion by the agency through the creation of "working conditions so intolerable for the employee that he or she is driven to involuntarily resign or retire." *Id.*

Ms. Broughton's allegation here is that her asthma disability forced her to retire involuntarily. We have held that in order to establish such involuntary disability retirement, employees must show there was an accommodation available on the date of their separation that would have allowed them to continue their employment, and that the agency did not provide that accommodation. *Benavidez v. Dep't of Navy*, 241 F.3d 1370, 1375 (Fed. Cir. 2001). Thus, if no accommodation would have allowed Ms. Broughton to continue working, then the agency cannot be said to have constructively removed her. *See id.*; *Williams v. Merit Sys. Prot. Bd.*, 227 F. App'x 916, 919 (Fed. Cir. 2007).

The Board determined that although Ms. Broughton suffers from asthma, she did not provide sufficient evidence that an accommodation existed at the time of her resignation that would have allowed her to continue

working. Final Order at 2–3. Ms. Broughton argues that if she had received a fan for her desk, she would have been able to work again. Reply Br. 6. But substantial evidence supports the administrative judge's factual finding that a fan would not have been a sufficient accommodation. The agency undertook a special cleaning of the air ducts and carpet and considered other measures such as a fan, but the agency's health experts concluded that these measures would not help in the long run. Final Order at 3. Moreover, Ms. Broughton herself stated at a status conference with the administrative judge that because of her medical condition, she was not capable of returning to work even with an accommodation during the period at issue. Initial Decision at 4.

Although Ms. Broughton argued that the Washington State Employment Security Department granted her unemployment benefits on the grounds that she had good cause to leave her job, the administrative judge nonetheless concluded that such an award failed to establish her resignation was truly involuntary. Final Order at 4. Specifically, he found that the state decision was not binding, was not the result of an adversarial hearing, and used a different standard than the one used to determine involuntary disability retirement. *Id.* Ms. Broughton has not shown how this factual finding lacks support from substantial evidence.

Ms. Broughton also argues that her resignation was involuntary because she was forced out by the actions of her coworkers, who she claims deliberately placed noxious substances near her desk in an effort to kill her. Initial Decision at 5–6. We look at the totality of the circumstances when determining if the agency's conduct coerced the employee's resignation. *Garcia*, 437 F.3d at 1329 (citing *Shoaf v. Dep't of Agr.*, 260 F.3d 1336, 1342 (Fed. Cir. 2001)). The Board found that Ms. Broughton failed to provide any evidence to support her accusations that her coworkers were deliberately exposing her to dangerous

substances or trying to kill her. Initial Decision at 5–6. For example, Ms. Broughton did not establish that the conditions at her work constituted anything beyond the smells of a typical workplace. *Id.* at 6.

On appeal, Ms. Broughton claims that the Board failed to apply certain laws favorable to her position, such as the requirement to make reasonable accommodations for employees with disabilities under 29 C.F.R. § 1630.9(b), or under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112. We have considered these claims and do not find them persuasive. Without first establishing its primary jurisdiction to hear Ms. Broughton's employment claims, the Board may not decide Ms. Broughton's discrimination-related claims. *See Garcia*, 437 F.3d at 1343 (citing *Cruz v. Dep't of Navy*, 934 F.2d 1240, 1245 (Fed. Cir. 1991) (en banc)) (rejecting the argument that the Board may consider discrimination claims under its pendent or ancillary jurisdiction without first establishing its principal jurisdiction).

## III

Ms. Broughton has not shown that the Board's factual findings related to jurisdiction are unsupported by substantial evidence. Thus, we affirm the Board's decision to dismiss the case for lack of jurisdiction.

**AFFIRMED**