NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DANIEL THIBEAULT,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2014-3200

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-13-0646-I-1.

---

Decided: May 7, 2015

---

DANIEL THIBEAULT, El Cajon, CA, pro se.

STEPHEN FUNG, Office of the General Counsel, Merit Systems Protection Board, Washington DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before O'MALLEY, PLAGER, and TARANTO, *Circuit Judges.*

PER CURIAM.

Daniel Thibeault appeals a final decision of the Merit Systems Protection Board ("the Board") dismissing his appeal for lack of jurisdiction based on his inability to demonstrate that his decisions to take leave and retire were involuntary. *Thibeault v. U.S. Postal Serv.*, No. SF-0752-13-0646-I-1 (M.S.P.B. Aug. 13, 2014) (hereinafter, *Final Decision*) (reproduced at Respondent's Appendix ("RA") 1–7). Because we agree with the Board that Thibeault has not established jurisdiction, we *affirm*.

## BACKGROUND

Thibeault was a mail handler for the United States Postal Service ("USPS"), who had operated mail processing machines before the USPS replaced these machines in late 2012. *Thibeault v. U.S. Postal Serv.*, No. SF-0752-13-0646-I-1 at 1–2 (M.S.P.B. Feb. 24, 2014) (hereinafter, *Initial Decision*) (reproduced at RA 8–21). Because these new machines were to be operated by mail-processing clerks, and not mail handlers, USPS informed Thibeault that his services as a mail handler were no longer required, and invited him to bid for a new assignment. *Id.* at 2. When Thibeault did not bid on a new assignment, USPS assigned him to a new shift—from 8:00 p.m. to 4:30 a.m. Thibeault objected to this assignment, arguing that his psoriatic arthritis would be exacerbated by the cold weather he would be exposed to while travelling to and from work. He, thus, requested a reasonable accommodation in light of this disability, asking to be returned to his original shift—4:00 p.m. to 12:30 a.m. When USPS did not grant this request, Thibeault used his sick leave beginning in January 2013 in order to avoid working the overnight shift. When his sick leave was exhausted in June 2013, he retired from USPS.

On July 5, 2013, Thibeault filed an action with the Board, contending that USPS had constructively suspended him from February to June 2013, and construc-

tively removed him from his position when he was forced to retire in June 2013. *Id.* at 6. In the initial decision, the administrative judge ("AJ") concluded that the Board did not have jurisdiction to consider Thibeault's appeal. *Id.* at 3, 16.

As a general matter, the Board does not have jurisdiction to review cases where an employee takes leave or retires, because it is presumed these actions are voluntary. *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc); *Justice v. Dep't of Navy*, 89 M.S.P.R. 379, ¶ 5 (2001). Thus, in order to establish jurisdiction, a claimant must satisfy a two part test. First, a claimant must make "non-frivolous allegations . . . that, if proven, can establish the Board's jurisdiction." *Garcia*, 437 F.3d at 1330. If a claimant's allegations meet this threshold, then a claimant is entitled to a hearing. *Id.* at 1330, 1344. "At the hearing, the claimant must prove jurisdiction by a preponderance of the evidence." *Id.* at 1344; *see* 5 C.F.R. § 1201.56(b)(2)(i) ("The appellant has the burden of proof, by a preponderance of the evidence . . . with respect to: [i]ssues of jurisdiction . . . ."). If a claimant is able to do so, only then may the Board consider the merits of the appeal. *See Garcia*, 437 F.3d at 1340.

In this case, the AJ notified Thibeault that the Board might not have jurisdiction to consider his appeal, but Thibeault did not request a hearing. *See Initial Decision* at 2. Accordingly, after both parties filed responses addressing the jurisdictional question, the AJ proceeded to determine whether Thibeault satisfied his burden to prove jurisdiction by a preponderance of the evidence (i.e., the step two inquiry reference above) based solely on the papers presented. Upon review, the AJ concluded that Thibeault did not satisfy his burden of establishing that his absence and his retirement were involuntary.

With respect to Thibeault's claim that he was forced to use his sick leave because USPS decided to assign him to an unworkable overnight shift, the AJ determined that its decision to do so was not actionable. *Id.* at 3. The AJ first noted that there was no evidence Thibeault had informed USPS he could not work an overnight shift prior to his reassignment. *Id.* at 4. Under the agency's collective bargaining agreement ("CBA"), which governed Thibeault, USPS was allowed to assign Thibeault to any vacant duty assignment. Therefore, the AJ reasoned that the initial decision to assign him to an overnight shift was not improper.

With respect to Thibeault's request for reasonable accommodation after his reassignment, the AJ explained that an agency is required to make a reasonable accommodation for the known physical and mental limitations of a disabled person unless doing so would cause undue hardship. *Id.* (citing 29 C.F.R. § 1630.9(a)). The AJ assumed that Thibeault had a disability that gave him the right to reasonable accommodations, even though his sensitivity to cold temperatures related to his commute and not his actual working conditions. *Id.* Nonetheless, the AJ concluded that USPS was not required to reassign him to another post as a reasonable accommodation, because there were no vacant positions to which Thibeault could have been reassigned. While there were part-time, non-career positions available between January and June 2013, the CBA prohibited assigning a full-time employee, such as Thibeault, to a non-career position. *Id.* at 6. Without any evidence that Thibeault would have accepted a voluntary demotion or that there was an exceptional circumstance which justified violating the CBA, the AJ found that Thibeault had failed to demonstrate USPS committed any wrongful acts that caused him to take leave. *Id.* at 7. Because a constructive suspension requires such proof, the AJ concluded that Thibeault did not prove his absence was involuntary, and,

thus, the Board lacked jurisdiction over his constructive suspension claim. *Id*.

Regarding Thibeault's claim for constructive removal, the AJ again explained that Thibeault had failed to demonstrate that USPS's failure to reassign him was improper because there were no other suitable assignments available at the time. *Id*. at 8. Further, there was no evidence that USPS misled him, considered unwarranted disciplinary action, or prevented him from withdrawing his retirement before its effective date. *Id*. While the AJ recognized that Thibeault may have faced unpleasant working conditions, constructive removal requires more. In the absence of evidence that the conditions were so intolerable to compel a reasonable person to resign, the AJ found that Thibeault had failed to demonstrate he lacked a meaningful choice regarding retirement. *Id*. at 9. Accordingly, the AJ found that the Board also lacked jurisdiction over Thibeault's constructive removal claim and dismissed his entire appeal for lack of jurisdiction.

Thibeault urged the Board to reconsider the AJ's decision, but the Board denied Thibeault's petition for review. In addition to affirming the AJ's initial decision, the Board considered three additional arguments presented by Thibeault for the first time on appeal. First, the Board dismissed Thibeault's claim that USPS failed to comply with its own rules, which require that an employee who suffered a compensable injury receive a medical evaluation before a reassignment. It found that such a contention did not change the AJ's determination that there were no available assignments that could accommodate his disability, particularly because the AJ had accepted as true Thibeault's claim that he, in fact, had a disability. *Final Decision* at 4. Second, the Board found that the AJ's decision not to allow a statement regarding Thibeault's willingness to take a part-time position did not provide a basis for reversal. It explained that, under

the Rehabilitation Act, there is no requirement that an agency create a new position for an employee in order to provide reasonable accommodation. Thus, even if the Board considered this information, it would not demonstrate that USPS acted improperly when it did not reassign Thibeault to a part-time position as the agency had no duty to do so. *Id.* at 5. Lastly, the Board concluded that the AJ correctly determined USPS did not err when it did not assign him to a full-time position posted in September 2013, because there was no evidence this position was available prior to Thibeault's retirement in June 2013. *Id.* at 6. Because the AJ properly determined the Board lacked jurisdiction over Thibeault's claims, the Board affirmed the AJ's decision and denied Thibeault's petition for review.

Thibeault timely appealed the Board's final decision to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2012).

## DISCUSSION

The scope of our review in an appeal from a final decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review the Board's decision regarding its own jurisdiction de novo. *Palmer v. Merit Sys. Prot. Bd.*, 550 F.3d 1380, 1382 (Fed. Cir. 2008). We are bound, however, by the Board's factual findings on which a jurisdictional determination is based "unless those findings are not supported by substantial evidence." *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

On appeal, Thibeault does not challenge the Board's procedure, but rather its findings that his leave of absence and retirement were not the result of an erroneous deci-

sion by USPS. Specifically, Thibeault argues that the Board erred by failing to properly consider that (1) he is disabled, (2) USPS misrepresented Thibeault's legal position to the Board, and (3) USPS was obligated to medically evaluate Thibeault prior to reassigning him to any position.

With respect to the Board's consideration of his disability, Thibeault argues that the Board simply ignored this fact when evaluating whether his leave of absence and retirement were involuntary. But a review of the record reveals that both the AJ and the Board assumed he had a disability that gave him the right to reasonable accommodations. *See Initial Decision* at 4 ("I will assume, for purposes of this decision, that the appellant had a disability that gave him the right to reasonable accommodations."); *Final Decision* at 4–6 (discussing whether USPS wrongfully failed to assign Thibeault to a position as accommodation for his disability). Thibeault's assertions to the contrary are unpersuasive.

Thibeault also alleges that USPS misled the Board by inaccurately describing Thibeault's position and misrepresenting his rights under the applicable law. He contends that a reasonable accommodation only required an assignment that met his medical needs—he did not require a fully-funded position. Essentially, Thibeault disputes whether USPS erred by not assigning him to an available part-time position, as opposed to creating a new one for him. When determining if an agency failed to provide reasonable accommodations, a claimant must prove that such an accommodation was available at the relevant time. *See Benavidez v. Dep't of Navy*, 241 F.3d 1370, 1375 (Fed. Cir. 2001). If there was no accommodation available, then an agency cannot be found to have constructively suspended or removed a claimant. *See id.*; *Williams v. Merit Sys. Prot. Bd.*, 227 F. App'x 916, 919 (Fed. Cir. 2007).

While there were part-time positions available during this time period, the AJ relied upon unrebutted evidence to find that it would violate the CBA to assign Thibeault to such a position. *Initial Decision* at 6. Although an agency can override a CBA if special circumstances exist, it does not appear Thibeault made such a showing. *See U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 405–06 (2002) ("[T]he plaintiff must bear the burden of showing special circumstances that make an exception from the seniority system reasonable in the particular case."). In the absence of such circumstances, substantial evidence supports the AJ's finding that the part-time positions available during the relevant time were not reasonable accommodations. Further, to the extent that Thibeault does argue that USPS should have created a new position for him to accommodate his disability, the AJ correctly determined that USPS was not required to do so. *Office of the Architect v. Office of Compliance*, 361 F.3d 633, 643 (Fed. Cir. 2004) ("[A]n employer is not required to create a new position to accommodate a disabled employee . . . ."); *see Wade v. U.S. Postal Serv.*, 157 F. App'x 268, 270 (Fed. Cir. 2005) ("While the agency is required to assign a disabled employee to a position he can perform, if one exists, it is not required to generate such a position when it does not reasonably exist.").

Lastly, with respect to Thibeault's claims that USPS could not reassign him without a medical examination, as the Board correctly found, this does not change the AJ's finding that there were no other positions available between January and June 2013. Thibeault must demonstrate that USPS erred by failing to provide reasonable accommodations in order to establish that he was constructively suspended and then constructively removed from his job, by showing USPS could have reassigned him to a different position. Here, there was substantial evidence to support the AJ's finding that there were no other available assignments during the relevant time. Thus,

the Board did not err when it affirmed the AJ's decision to dismiss Thibeault's claims for lack of jurisdiction.

CONCLUSION

For the foregoing reasons, we affirm the decision of the Board.

**AFFIRMED**