# United States Court of Appeals for the Federal Circuit

2008-3001

DEMETRIUS W. PALMER,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

UNITED STATES POSTAL SERVICE,

Intervenor.

Demetrius W. Palmer, of Bowie, Maryland, pro se.

Joyce G. Friedman, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Matthew H. Solomson, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. Also for intervenor were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3001

DEMETRIUS W. PALMER,

Petitioner,

v

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

UNITED STATES POSTAL SERVICE,

Intervenor.

Petition for review of the Merit Systems Protection Board in DC 0353 07 0382 I 1.

_____

DECIDED:  December 31, 2008

_____

Before RADER and DYK, <u>Circuit Judges</u>, and WALKER[*], <u>Chief District Judge</u>.

WALKER, <u>Chief District Judge</u>.

Petitioner Demetrius W Palmer ("Palmer") appeals from a final decision of the Merit Systems Protection Board ("Board").  The Board dismissed Palmer's appeal for lack of jurisdiction.  We affirm.

---

[*]      Honorable Vaughn R Walker, Chief Judge, United States District Court for the Northern District of California, sitting by designation.

BACKGROUND

In November 1998, Palmer, a mail processing clerk in a United States Postal Service ("USPS") facility in Capitol Heights, Maryland, suffered an on-the-job injury. Palmer was placed on non-pay status and received Office of Workers' Compensation Programs ("OWCP") benefits. After partially recovering from his injury, Palmer accepted an offer of a modified job assignment and returned to work on July 23, 2005.

In February 2007, Palmer filed an appeal with the Board, claiming he was entitled to, but did not accrue annual and sick leave during the time he was on leave without pay status. On March 14, 2007, an Administrative Judge of the Board ordered Palmer to submit evidence and argument to support Board jurisdiction over his appeal. Palmer filed a response, arguing that jurisdiction was proper under the USPS Employee and Labor Relations Manual. USPS filed a response, arguing that the Board lacks jurisdiction over appeals such as Palmer's. On March 30, 2007, the Administrative Judge dismissed Palmer's appeal for lack of jurisdiction. Palmer petitioned the Board for review, requesting damages of $5.5 million in addition to the previously requested award of annual and sick leave. On August 22, 2007, the Board denied Palmer's petition for review, and the Administrative Judge's initial decision became final. This appeal followed.

DISCUSSION

Judicial review of Board decisions is limited to whether they are: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained

without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 USC § 7703(c).

"Whether the [B]oard had jurisdiction to adjudicate a case is a question of law, which we review de novo."  Forest v Merit Sys Prot Bd, 47 F3d 409, 410 (Fed Cir 1995). The Board's jurisdiction is "limited to actions made appealable to it by law, rule or regulation."  Id.  Palmer, as the appellant, has the burden of proving the Board's jurisdiction by a preponderance of the evidence.  See 5 CFR § 1201.56(a)(2).

In his response to the Administrative Judge's order to submit evidence and argument supporting jurisdiction, Palmer argued that the Board has jurisdiction over his appeal under sections 546.3 and 546.4 of the USPS Employee and Labor Relations Manual.  The cited sections do not purport to create an independent basis for Board jurisdiction, but merely advise employees who return to employment (or, in the argot of the regulations, are "restored") after leave and who believe they were improperly restored that they may appeal to the Board under the provisions of 5 CFR § 353.  See U S Postal Service, Employee and Labor Relations Manual, §§ 546.3, 546.4 (ELM 17.6, Feb 15, 2007), available at http://www.usps.com/cpim/manuals/elm/elmarch.htm.

The Code of Federal Regulations in turn grants the Board jurisdiction over certain appeals by employees who are partially recovered from a compensable injury and seek to return to work:

> (a) Except as provided in paragraphs (b) and (c) of this section, an injured employee or former employee of an agency in the executive branch (including the U.S. Postal Service and the Postal Rate Commission) may appeal to the MSPB an agency's failure to restore, improper restoration, or failure to return an employee following a leave of absence. All appeals must be submitted in accordance with MSPB's regulations.

(b) An individual who fully recovers from a compensable injury more than 1 year after compensation begins may appeal to MSPB as provided for in parts 302 and 330 of this chapter for excepted and competitive service employees, respectively.

(c) <u>An individual who is partially recovered from a compensable injury</u> may appeal to MSPB for a determination of whether the agency is acting arbitrarily and capriciously in denying restoration. Upon reemployment, a partially recovered employee may also appeal the agency's failure to credit time spent on compensation for purposes of rights and benefits based upon length of service.

5 CFR § 353.304 (1999) (emphasis added).

We examined the substantively identical precursor to this provision in <u>Booker v Merit Systems Protection Board</u>, 982 F2d 517, 519 (Fed Cir 1992). <u>Compare</u> 5 CFR § 351.401 (1988), <u>with</u> 5 CFR § 353.304 (1999). <u>See also</u> 60 FR 45650 (renumbering 5 CFR § 351.401 as 5 CFR § 353.304). In <u>Booker</u>, a postal employee was injured and received OWCP benefits before returning to limited duty following a partial recovery. <u>Booker</u>, 982 F2d at 518. The employee was dissatisfied with the circumstances of her restoration – specifically, she alleged retaliation for complaints she made about delays in the completion of her compensation claims and discrimination by USPS's injury compensation specialist. <u>Id.</u>

Although we did not discuss our reasoning at length, we held that the combination of subsection (a) of the regulation with subsection (c) means that an employee, "having been restored to duty after a partial recovery, may not appeal the details or circumstances of her restoration to the board." <u>Id</u> at 519. Because the employee in <u>Booker</u> was not denied restoration and did not allege that USPS failed to credit the time she spent on compensation for purposes of rights and benefits based upon length of service, we found that the Board lacked jurisdiction over her appeal.

Our holding in Booker was mandated by a fair reading of the regulation. 5 CFR § 353.304(a) provides for appeals to the Board of improper restoration "except as provided below." Below, § 353.304(c) states that an individual who is partially recovered may appeal denials of restoration and failure to credit time spent on compensation for purposes of rights and benefits based upon length of service.

The establishment of jurisdiction for failure to credit time spent on compensation facilitates enforcement of the Federal Employee's Compensation Act, which provides, in relevant part:

> In the event the individual resumes employment with the Federal Government, the entire time during which the employee was receiving compensation under this chapter shall be credited to the employee for the purposes of within-grade step increases, retention purposes, and other rights and benefits based upon length of service.

5 USC § 8151(a).

An employee covered by § 353.304(c) cannot appeal "improper restoration" claims not involving § 8151(a) rights; the employee may appeal only on the limited grounds enumerated in subsection (c).

A more recent case, Gallo v United States, 529 F3d 1345 (Fed Cir 2008), may at first glance seem to contradict the holding of Booker. We wrote:

> The word "except," as used in section 353.304(a), simply alludes to the fact that not all employees to whom sections 353.304(b) and 353.304(c) apply have restoration rights in all circumstances. It does not mean that any employee who is within the scope of subsection (b) or (c), and is granted statutory restoration rights, does not have the right to appeal an improper restoration under subsection (a).
>      Furthermore, other aspects of the OPM regulations suggest that section 353.304(a) applies broadly to all improper restoration claims.

Id at 1351.

The facts in Gallo make clear that this language should not be read to suggest that a partially recovered employee, who, according to Booker, may appeal to the Board only under 5 CFR § 353.304(c), may also appeal under 5 CFR § 353.304(a) an allegedly improper restoration not involving rights under 5 USC § 8151(a).

The employee in Gallo, Jane L Gallo, was an air traffic controller with the Federal Aviation Administration ("FAA"). Gallo, 529 F3d at 1346. After she suffered an on-the-job injury in January 1995, Gallo received OWCP benefits until March 1995, when she returned to light duty. Id. In January 1996, however, an FAA physician determined that Gallo was indefinitely incapacitated and unable to work as an air traffic controller. Id. In April 1996, Gallo transferred to another FAA position that did not require medical certification. Id at 1347 Because the new position did not provide the same pay or retirement benefits as Gallo's air traffic controller position, Gallo received differential OWCP benefits. Id. In April 2000, a physician determined that Gallo had recovered from her injury. Id. In June 2000, Gallo's OWCP benefits were terminated, and in August 2000, Gallo accepted a supervisory air traffic controller position. Id.

Gallo's salary for the new position did not take into account pay increases that had been granted to air traffic controllers while she worked in another position due to her injury; Gallo apparently alleged that the salary calculation amounted to a failure to credit her for a right or benefit based upon length of service in violation of 5 USC § 8151(a). Id. In Gallo we simply held that employees like Gallo whose recovery took longer than one year could recover under § 8151(a) and could not bring § 8151(a) claims in the Court of Federal Claims, "[b]ecause an action under section 8151(a) is within the Board's appellate jurisdiction under the [Civil Service Reform Act of 1978] and

the Board's regulations, the Court of Federal Claims lacks jurisdiction over such an action." Id at 1352.

Gallo should not be read as overruling our earlier holding in Booker. See George E Warren Corp v U S, 341 F3d 1348, 1351-52 (Fed Cir 2003) ("[T]o overrule a precedent, the court must rule en banc."). And under Booker, the Board has jurisdiction over a restoration appeal by an employee who has partially recovered from an injury only in the situations enumerated in 5 CFR § 353.304(c).

Palmer, of course, did return to employment and does not allege a denial of restoration. Nor does Palmer allege that USPS failed to credit his time for purposes of such a right or benefit. To establish Board jurisdiction based on failure to credit time spent on compensation, an appellant must:

> allege facts that, if proven, would show that: (1) He was absent from his position due to a compensable injury; (2) the agency restored him to duty on a part-time basis, to light duty, or to a position with less demanding physical requirements; and (3) the agency failed to credit time spent on compensation for the purposes of rights and benefits based upon length of service.

Foley v U S Postal Serv, 105 MSPR 307, 312 (2007).

Although Palmer's allegations are not entirely clear, he apparently alleges that USPS failed to credit him for annual and sick leave accrued while he was on leave without pay and receiving OWCP benefits. This is not an allegation of failure to credit time spent on compensation for purposes of rights and benefits based upon length of service. By contrast, that was exactly the claim made in Gallo, a claim for compensation after restoration based on length of service. Whether USPS allows Palmer to accrue leave while on leave without pay is not dependent on his length of service with USPS. Rather, a set number of hours of leave is accrued during each pay

period an employee works.  See United States Postal Service, Employee and Labor Relations Manual, § 512.311 (ELM 17.6, Feb 15, 2007), available at http://www.usps.com/cpim/manuals/elm/elmarch.htm.  The rate at which leave accrues during each pay period is a benefit based on length of service.  An employee earns four hours of leave per pay period if he has served fewer than three years, six hours per pay period if he has served between three years and fifteen years, and eight hours per pay period if he has served fifteen years or more.  Id.  But Palmer does not allege that he currently is accruing leave at the wrong rate.  Rather, he alleges that USPS erred by not allowing him to accrue leave while he was on leave.  Because this claim challenges only a "detail[ ] or circumstance[ ]" of Palmer's restoration, he has not met his burden of alleging jurisdictional facts.[1]

Because Palmer was not denied restoration and because he has not alleged that USPS failed to credit his time for purposes of a right or benefit based on length of service, the Board was correct that it lacked jurisdiction over Palmer's appeal.

In his informal brief, Palmer suggests that Hatch v Office of Personnel Management, 100 MSPR 204 (2005), somehow supports his position.  Palmer's reliance on Hatch is misplaced.  Hatch addressed the issue whether partially recovered employees who receive OWCP benefits while working part-time should be treated as full-time employees for the purpose of computing retirement benefits.  Id at 207-08.  The Hatch case has no bearing on whether the Board has jurisdiction over Palmer's appeal.

---

[1] We note that even if the Board had jurisdiction over an appeal based on Palmer's allegation, Palmer's appeal would likely fail on the merits.  "An employee receiving OWCP benefits is not entitled to accrue sick or annual leave if he is solely in a non-pay status."  Gullette v United States Postal Service, 86 MSPR 380, 381 (2000) (citing Roja v Department of the Navy, 55 MSPR 618 (1992)).

Accordingly, the decision of the Board is affirmed.

## AFFIRMED

## COSTS

No costs.