NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANN MARIE DUNCAN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2014-3187

---

Petition for review of the Merit Systems Protection Board in No. DC-752S-14-0506-I-1.

---

Decided: February 6, 2015

---

ANN MARIE DUNCAN, Riverdale, MD, pro se.

CALVIN M. MORROW, Office of the General Counsel, Merit Systems Protection Board, Washington, DC for respondent. Also represented by BRYAN G. POLISUK.

---

Before MOORE, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM

Ann Marie Duncan appeals the final decision of the Merit Systems Protection Board, which affirmed the administrative judge's decision that the Board lacks jurisdiction to review Ms. Duncan's appeal from her five-day suspension. Because the Board has no "adverse action" jurisdiction over suspensions lasting 14 days or less, we affirm.

BACKGROUND

Ms. Duncan served as a civilian program analyst for the Coast Guard. R.A. 21. On March 6, 2014, by letter, the agency told her that it was suspending her for five days for failing to follow an instruction. R.A. 18. The letter said that a notice of proposed suspension, articulating details regarding "[t]he reason for [her] proposed suspension," had been given to her on January 28, 2014. *Id.* The March 6 letter noted that Ms. Duncan had been afforded "an opportunity to respond to the proposed action both orally and in writing." *Id.* Ms. Duncan contends, to the contrary, that the Coast Guard "refused to provide [the] Notice of Proposed Suspens[]ion and [an] opportunity for [her] to present [her] case." Appellant's Br. at 1.

Ms. Duncan appealed the suspension to the Board on March 11, 2014. She argued that she received no advance notice of her suspension, so that she was unable to review the details of the proposed suspension with a union representative and seek mediation before the suspension was made final. On April 29, 2014, the administrative judge dismissed her appeal, concluding that "[i]t is well settled that the Board does not have jurisdiction over suspensions of fourteen days or less," and stating that Ms. Duncan offered no other basis for supporting the Board's jurisdiction to review her appeal. R.A. 3. The Board affirmed. *Duncan v. Dep't of Homeland Sec.*, No. DC-

752S-14-0506-I-1, 2014 WL 5387497, at *3 (M.S.P.B. Aug. 18, 2014).[1]

## DISCUSSION

We may set aside the Board's decision only when it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). We review the Board's decision regarding its own jurisdiction de novo. *Palmer v. Merit Sys. Prot. Bd.*, 550 F.3d 1380, 1382 (Fed. Cir. 2008).

In Ms. Duncan's case, the Board correctly determined that it lacked jurisdiction to hear her appeal. The Board's jurisdiction is "'limited to actions made appealable to it by law, rule, or regulation.'" *Id.* (quoting *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995)). The Civil Service Reform Act grants the Board "adverse action" jurisdiction to hear appeals of suspensions lasting longer than 14 days, 5 U.S.C. § 7512, but suspensions of a shorter duration are not among the reviewable "adverse actions." *See United States v. Fausto*, 484 U.S. 439, 448–49 (1988) (holding that Congress manifested a clear intent to preclude review of minor adverse employment actions under §§ 7501–7504); *Bush v. Lucas*, 462 U.S. 367, 385

---

[1]  In seeking review of the administrative judge's decision, Ms. Duncan noted for the first time before the Board that she also sought review of the decision under the Uniformed Services Employment and Reemployment Rights Act. Understanding Ms. Duncan to be seeking to file an appeal under that Act, the Board submitted the matter to the relevant regional office for docketing of a new appeal.

n.28 (1983) (suspensions of 14 days or less are not appealable to the Board); *Synan v. Merit Sys. Prot. Bd.*, 765 F.2d 1099, 1101 (Fed. Cir. 1985). Thus, whether or not Ms. Duncan was denied a statutory right to notice of her proposed suspension, she cannot appeal the suspension under the Board's "adverse action" jurisdiction.

Ms. Duncan did not present any other basis for jurisdiction to the Board. In this court, she argues that her suspension was "in retaliation for protected whistleblowing activities." Appellant's Br. at 2. She asserts that the Whistleblower Protection Act grants the Board jurisdiction to review "*any* personnel action" that an agency takes in retaliation for disclosures protected by statute, 5 U.S.C. § 1221(a) (emphasis added), unconstrained by the "adverse action" limit of 5 U.S.C. § 7512. But Ms. Duncan did not present a Whistleblower Protection Act claim to the Board, and so we do not consider it here. *Wallace v. Dep't of the Air Force*, 879 F.2d 829, 832 (Fed. Cir. 1989) (appellant must raise the issue "with sufficient specificity and clarity that the [Board] is aware that it must decide the issue, and in sufficient time that [it] can do so").

**AFFIRMED**

No costs.