NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILL S. GREER, II,**
*Petitioner*

**v.**

**DEPARTMENT OF THE AIR FORCE,**
*Respondent*

---

2017-1939

---

Petition for review of the Merit Systems Protection Board in No. DA-0752-17-0149-I-1.

---

Decided: December 12, 2017

---

WILL S. GREER, II, Schertz, TX, pro se.

STEVEN C. HOUGH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., L. MISHA PREHEIM.

---

Before NEWMAN, DYK, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Petitioner seeks review of a Merit Systems Protection Board decision dismissing his appeal for lack of jurisdiction. Because the Board correctly found that Mr. Greer's appeal is barred by the doctrine of issue preclusion, we *affirm*.

BACKGROUND

Mr. Greer is a former civilian employee of the Air Force ("the agency") who worked as a Motor Vehicle Operator at Randolph Air Force Base. In November 2012, the agency proposed removing Mr. Greer for discourteous conduct and inappropriate comments.

On November 8, 2012, Mr. Greer and the agency entered into a last chance agreement, which provided that Mr. Greer would accept a 14-day suspension and would attend an Anger Management Program. The agreement further provided that the agency would hold Mr. Greer's removal in abeyance for 36 months but that the agency could remove him "should management learn of any additional misconduct for which the Agency's Guide to Disciplinary Actions . . . lists a penalty of reprimand or greater." J.A. 13. Finally, the agreement stated that "Mr. Greer voluntarily and unconditionally waives any and all rights that he may have to appeal to the Merit Systems Protection Board (MSPB), Equal Employment Opportunity Commission (EEOC) and to grieve, complain, or litigate the removal action being held in abeyance." *Id.*

On October 8, 2013, the agency informed Mr. Greer that he was being removed from his position because he had violated the terms of the last chance agreement by making additional inappropriate comments to a supervisor.

On October 29, 2013, Mr. Greer filed an appeal with the MSPB challenging his removal. *Greer v. Dep't of the*

*Air Force*, No. DA-0752-14-0055-I-1, 2014 WL 5424297 (M.S.P.B. Sept. 12, 2014) ("2014 Appeal"). The administrative judge held a hearing and dismissed the appeal for lack of jurisdiction because Mr. Greer had waived his right to appeal a removal action under the terms of the last chance agreement. On petition for review, the full Board affirmed that decision.

On April 11, 2015, Mr. Greer appealed his removal to the Board for a second time. *Greer v. Dep't of the Air Force*, No. DA-0752-15-0324-I-1, 2015 WL 4877902 (M.S.P.B. Aug. 8, 2015) ("2015 Appeal"). The administrative judge found that the appeal was barred by the doctrine of "collateral estoppel," otherwise known as issue preclusion, based on the decision in the 2014 appeal and once again dismissed the appeal for lack of jurisdiction. Mr. Greer did not petition for review by the full Board.

On January 15, 2017, Mr. Greer appealed his removal to the Board for a third time. *Greer v. Dep't of the Air Force*, No. DA-0752-17-0149-I-1, 2017 WL 747776 (M.S.P.B. Feb. 23, 2017) ("2017 Appeal"). On February 23, 2017, the administrative judge granted the Air Force's motion to dismiss for lack of jurisdiction, again finding that the appeal was barred by the doctrine of "collateral estoppel."

On April 5, 2017, Mr. Greer filed an untimely petition for review by the full board. On April 17, 2017, Mr. Greer filed a petition for review to this court.

## DISCUSSION

This court's jurisdiction is limited to appeals from *final* orders or *final* decisions of the MSPB. 28 U.S.C. § 1295(a)(9). Thus, an employee may either seek review in this court of the administrative judge's decision, which becomes final 35 days after issuance, 5 C.F.R. §§ 1201.113, .120, or may first file a petition for review by

the full Board and then seek review in this court of the full Board's final decision. *Id.* §§ 1201.114, .120.

On June 16, 2017, the Air Force filed a motion to dismiss for lack of jurisdiction, arguing that no final decision existed in this case because Mr. Greer filed his appeal to this court while his untimely petition for review to the MSPB was still pending. On July 28, 2017, we denied the Air Force's motion. We noted that the administrative judge's initial decision ostensibly became final on March 30, 2017, six days before Mr. Greer filed his petition for review by the Board. We also observed that, on April 7, 2017, the Board informed Mr. Greer that his petition was considered untimely and instructed him to file a motion with the Board by April 22, 2017, requesting that the filing be accepted as timely or that the time limit be waived for good cause. Mr. Greer filed no such motion.

In its briefing before this panel, the Air Force again argues that this court lacks jurisdiction because Mr. Greer's MSPB petition for review remains pending. We see no reason to depart from our previous decision on this issue. Consequently, we find Mr. Greer's petition for review is directed to the administrative judge's decision on February 23, 2017, which became final on March 30, 2017. Mr. Greer's petition for review of that decision was timely filed in this court, and the decision of the administrative judge is the decision of the Board.

As to the correctness of the Board's decision, we note that the Board dismissed Mr. Greer's 2017 appeal for lack of jurisdiction because the same jurisdictional issue had already been litigated in his 2014 appeal and the Board had concluded that he waived his right to appeal by way of the last chance agreement. Further litigation of the issue was therefore barred by the doctrine of issue preclusion. We must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise

not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence . . . ." 5 U.S.C. § 7703(c). We review the Board's determination of jurisdiction de novo. *Palmer v. Merit Sys. Prot. Bd.*, 550 F.3d 1380, 1382 (Fed. Cir. 2008). Mr. Greer must prove the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A).

Issue preclusion "protects litigants from the burden of relitigating an identical issue." *Morgan v. Dep't of Energy*, 424 F.3d 1271, 1274 (Fed. Cir. 2005). The MSPB may apply issue preclusion where: "(i) the issue previously adjudicated is identical with that now presented, (ii) that issue was actually litigated in the prior case, (iii) the previous determination of that issue was necessary to the end-decision then made, and (iv) the party precluded was fully represented in the prior action." *Id.* at 1274–75.

We see no error in the administrative judge's application of these factors. The 2014 appeal raised the same issue as the 2017 appeal: whether the Board had jurisdiction to consider Mr. Greer's removal pursuant to the last chance agreement in which he waived his appeal rights. In that prior case, the Board found that Mr. Greer had waived his appeal rights and had failed to show that the Air Force acted in bad faith in removing him pursuant to the terms of the last chance agreement. For these reasons, the Board determined that it lacked jurisdiction and dismissed the 2014 appeal. Thus, the jurisdictional issue was actually litigated in the prior case, and its determination was necessary to the Board's decision to dismiss. And Mr. Greer, the party against whom issue preclusion applies, was a party to both appeals. The Board correctly determined that issue preclusion applies and that Mr. Greer's appeal from the agency's removal action is barred.

## AFFIRMED

COSTS

No costs.