NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LORI D. MCLAUGHLIN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2019-1997

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-19-0114-W-1.

---

Decided: March 23, 2021

---

KEVIN OWEN, Gilbert Employment Law, P.C., Silver Spring, MD, for petitioner.

STEPHEN FUNG, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by TRISTAN LEAVITT, KATHERINE MICHELLE SMITH.

---

Before NEWMAN, BRYSON, and O'MALLEY, *Circuit Judges*.

Opinion for the court filed PER CURIAM.

Opinion concurring in part and dissenting in part filed by *Circuit Judge* NEWMAN.

PER CURIAM.

Lori D. McLaughlin appeals from a final decision of the Merit Systems Protection Board ("Board")[1] dismissing her whistleblower Individual Right of Action ("IRA") appeal for lack of jurisdiction and failure to exhaust certain claims. *See McLaughlin v. Dep't of Just.*, No. DC-1221-19-0114-W-1, 2019 WL 1516865 (Apr. 1, 2019). Because the administrative judge ("AJ") did not consider all of McLaughlin's timely-filed pleadings and did not apply the correct law to all aspects of his analysis, we *vacate* the Board's decision. We *remand* for the Board to reconsider whether McLaughlin has asserted claims that fall within the jurisdiction of the Board, based on the complete record and in light of all applicable legal standards.

I.

McLaughlin has been a federal employee for over thirty years. Relevant to this appeal, she has served with the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("Agency") as a Special Agent in the Greensboro Field Office.

On November 5, 2018, McLaughlin filed an IRA appeal with the Board. She alleged that she had engaged in several acts of whistleblowing and that the Agency had taken multiple personnel actions in reprisal. A week later, on November 13, 2018, the AJ issued an order directing McLaughlin to file evidence and argument in support of the

---

[1]    The administrative judge issued an initial decision on April 1, 2019. Neither party petitioned the Board for review. The initial decision thus became the final decision of the Board on May 6, 2019.

Board's jurisdiction.  McLaughlin responded to the order on November 30, 2018.  The Agency filed its response to the order on December 17, 2018, arguing that McLaughlin had failed to exhaust certain claims and had otherwise failed to make nonfrivolous allegations in support of her claims.

A few days after the Agency filed its response, on December 22, 2018, the government entered into a partial shutdown that caused the Board to cease operations and suspend filing deadlines.  Filing deadlines were extended by the length of the shutdown.  Several weeks later, on January 28, 2019, the Board resumed operations.  That same day, McLaughlin, through newly obtained counsel, filed a reply to the Agency's response to the AJ's jurisdiction order.

The AJ issued an initial decision dismissing McLaughlin's appeal for lack of jurisdiction on April 1, 2019.  He did not consider McLaughlin's January 28, 2019 reply, finding it was untimely filed without a showing of good cause.  The initial decision became the final decision of the Board on May 6, 2019.

McLaughlin appeals.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.

In appeals from the Board, we are required to "review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be . . . (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence . . . ."  5 U.S.C. § 7703(c).  We review whether the Board has jurisdiction over a case, a question of law, *de novo*. *Palmer v. Merit Sys. Prot. Bd.*, 550 F.3d 1380, 1382 (Fed. Cir. 2008).

"The Whistleblower Protection Act allows a federal employee to seek corrective action from the Board for any

personnel action, as defined in the Act, that the employee reasonably believes was taken in retaliation for any act of whistleblowing, as defined in section 2302(b)(8) of Title 5, or for any act set forth in section 2302(b)(9)(A)(i), (B), (C), or (D) of Title 5." *Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1328 (Fed. Cir. 2020). To establish the Board's jurisdiction over an IRA appeal, "it suffices that an appellant exhaust his remedies before the Office of Special Counsel and present 'non-frivolous allegations'" of an act of whistleblowing and a personnel action, as defined by 5 U.S.C. § 2302(a), taken in reprisal. *Cahill v. Merit Sys. Prot. Bd.*, 821 F.3d 1370, 1373 (Fed. Cir. 2016). A "non-frivolous" allegation is one that, "if proven, can establish the Board's jurisdiction insofar as that element is concerned." *Id.* (internal quotation marks omitted). This is a relatively low bar for appellants to satisfy.

McLaughlin argues that we should reverse the Board's finding of no jurisdiction because the AJ improperly and erroneously made factual findings during his analysis. She also contends that the AJ abused his discretion by not considering her January 28, 2019 reply. The Board, rather than substantively defend its decision, agrees that the AJ should have considered the reply. McLaughlin also asserts that the AJ applied the wrong law when considering the sufficiency of her allegations. Again, the Board concedes that the AJ's analysis was, in part, inconsistent with both the law governing Equal Employment Opportunity retaliation claims and that governing whistleblower retaliation claims. Appellee's Br. 16 n.6. In light of these concessions, the Board asks that we vacate the decision and remand for the AJ to consider the jurisdictional question anew. The Board affirmatively "takes no position on whether the petitioner's allegations, considered in the absence of the January 28, 2019 pleading, were sufficient to establish jurisdiction," Appellee's Br. 12 n.4, and takes no position on how McLaughlin's reply might impact that analysis. We agree with the Board that the proper course in these

circumstances is to remand for a do-over on the jurisdictional question.

The Agency's December 17, 2018 filing, which was responsive to the AJ's jurisdiction order, was a motion to dismiss. Indeed, the Board treated it as such. The Board's regulations allow ten days to respond to such motions. *See* 5 C.F.R. § 1201.55(b). Given the intervening government shutdown and corresponding extension of deadlines, McLaughlin's January 28, 2019 reply, which responded to the Agency's motion, was, therefore, timely filed and should have been considered by the AJ. The AJ's failure to consider the reply was inconsistent with the procedures required by regulation. And the AJ's legal analysis was admittedly flawed in at least certain respects.

McLaughlin suggests that, rather than remand for the Board to correct its mistakes and consider the complete record again, we should assess the Board's jurisdiction on appeal. As a court of review, we decline to do so. It is for the Board, in the first instance, to consider whether McLaughlin has established by a preponderance of the evidence, in light of all correct legal standards, that the Board has jurisdiction over one or more of her claims.

### III. CONCLUSION

The AJ erred by failing to consider McLaughlin's January 28, 2019 reply, which was responsive to the Agency's motion to dismiss. And, the AJ erred in his application of the law. We therefore *vacate* the Board's decision and *remand* for the Board to fully reconsider its jurisdiction on the complete record and in light of all appropriate legal standards.

**VACATED AND REMANDED**

COSTS

No costs.

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LORI D. MCLAUGHLIN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2019-1997

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-19-0114-W-1.

---

NEWMAN, *Circuit Judge*, concurring in part, dissenting in part.

This case raises a recurring issue of whistleblower protection, *viz*., the role of the Merit Systems Protection Board.  Here the MSPB held that it did not have "jurisdiction" of this Individual Right of Action appeal, stating that Ms. McLaughlin's complaint was inadequate to establish MSPB jurisdiction.[1]

---

[1]    *McLaughlin v. Dep't of Justice,* No. DC-1221-19-0114-W-1, 2019 WL 1516865 (Apr. 1, 2019) ("MSPB Op.").

Ms. McLaughlin's complaint included over 170 pages of documentation. She submitted another hundred pages of documents with the Reply that, as my colleagues agree, the administrative judge wrongly refused to consider. The complaint indisputably met the jurisdictional requirements. The complaint included: a copy of Ms. McLaughlin's Equal Employment Opportunity ("EEO") filing asserting sex discrimination and harassment; a copy of her report to the Office of Professional Responsibility and Security Operations concerning specified integrity and misconduct violations; a copy of her civil action in the U.S. District Court for the Middle District of North Carolina alleging sex and race discrimination and retaliation; a copy of her communications to the EEO Commission concerning violations of the Privacy Act of 1974, 5 U.S.C. § 552a; a copy of her communications with Senator Grassley's office; and copies of reports to various agency officials concerning incompetence and wrongdoing of agency employees.

The administrative judge ("AJ") dismissed Ms. McLaughlin's appeal for "lack of jurisdiction," stating that she had "failed to allege facts to support a finding that she made a protected whistleblower disclosure under the WPA [Whistleblower Protection Act] and/or WPEA [Whistleblower Protection Enhancement Act]." MSPB Op. at 26. The AJ illustrated this purported deficiency by pointing to Ms. McLaughlin's report to a district court that "a DOJ attorney" had not properly reported and responded to a Privacy Act violation; the AJ stated that because Ms. McLaughlin did not name the DOJ attorney in that complaint and did not "identify how and to whom" the DOJ attorney should have reported the Privacy Act violation, and did not in the complaint "identify the law, rule, regulation or policy that creates an obligation" to report the violation, her allegation of wrongdoing was "vague and conclusory." *Id.* The AJ stated that all of her allegations of wrongdoing were not "legitimate, provable or sufficiently detailed." *Id.* The AJ ruled that, for these reasons, all of her allegations

were "frivolous."  *See, e.g., id.* at 17, 18, 20, 21.  The AJ dismissed McLaughlin's IRA Appeal for "lack of jurisdiction."  *Id.* at 26.

The MSPB in its brief on this appeal acknowledges that the AJ may have erred, and requests a remand so that he may reconsider his "jurisdictional" ruling.  Ms. McLaughlin asks this court to resolve any question of jurisdiction, and to remand with instructions that the MSPB consider the merits of her IRA appeal.  However, my colleagues decline to decide jurisdiction and decline to require that the remand go directly to the merits.  This court has a full record on which to decide jurisdiction, and the issue is fully briefed and argued.  We should decide the question of jurisdiction.

The AJ erred in law when he "conflated the requirements for establishing jurisdiction with those required to prevail on the merits of a WPA claim."  *Johnston v. MSPB*, 518 F.3d 905, 910 (Fed. Cir. 2008); *see Spencer v. Dep't of the Navy*, 327 F.3d 1354, 1356 (Fed. Cir. 2003) ("This court for more than ten years … has tried to get the Board to clearly separate the issue of jurisdiction from that of the merits of a petitioner's case.").  It appears that this error continues to arise; it is our responsibility to correct it, for "[a]t the jurisdictional stage, the appellant only is burdened with making a non-frivolous allegation that he reasonably believed that his disclosure evidenced one of the circumstances described in 5 U.S.C. § 2302(b)(8)."  *Bradley v. Dep't of Homeland Sec.*, 2016 M.S.P.B. 30, ¶ 7 (2016) (citing *Schoenig v. Dep't of Justice*, 120 M.S.P.R. 318, ¶ 8 (2013)).  "A non-frivolous allegation of jurisdiction is an allegation of fact which, if proven, could establish a *prima facie* case that the Board has jurisdiction in the matter."  *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1339 (Fed. Cir. 2006) (citing *Smith v. Dep't of Energy*, 89 M.S.P.R. 430, 434 (2001)).

When the contents of the complaint non-frivolously support jurisdiction, jurisdiction is established, and the matter devolves to determination of the merits of the complaint. *See Reid v. MSPB*, 508 F.3d 674, 678 (Fed. Cir. 2007) ("[W]hether [a whistleblower's] allegation can be proven is a question on the merits that does not properly form a part of the [MSPB's] jurisdictional inquiry"); *Piccolo v. MSPB*, 869 F.3d 1369, 1370 (Fed. Cir. 2017) ("This court has made clear that the MSPB must separate the issue of jurisdiction from that of the merits of a petitioner's case.") (internal quotation marks omitted).

Ms. McLaughlin's complaint contains extensive documentation that establish the fundamentals of a whistleblower's cause of action. *See Cahill v. MSPB*, 821 F.3d 1370, 1373 (Fed. Cir. 2016) (at the complaint stage, the appellant met his burden without identifying which management officials were responsible for the reprisal).

In its brief on this appeal, the MSPB acknowledges that the administrative judge erred in refusing to accept Ms. McLaughlin's filing after the government shutdown, stating that "it is typically the MSPB's practice to allow rebuttal to new evidence or argument submitted by the other party just before the record closed," citing 5 C.F.R.§ 1201.59(c)(2). MSPB Br. 14. The MSPB also confesses error of law, stating: "Respondent concedes that the administrative judge's analysis pertaining to conflicting motivations between EEO retaliation and whistleblower retaliation appears to be inconsistent with the law in either area." MSPB Br. 16 n.6, citing *Savage v. Dep't of the Army*, 122 M.S.P.R. 612, 634-35 (2015), for the holding that an appellant need only prove that EEO retaliation was a motivating factor in a personnel action, and *Bradley,* 123 M.S.P.R. at 555-56 (holding that an appellant must make a nonfrivolous allegation that whistleblower reprisal was "one factor" that affected a personnel action).

It is apparent that jurisdiction is now recognized by the MSPB, despite its request for remand to determine jurisdiction. Precedent establishes that: "Where it is clear . . . that the Board has jurisdiction over a case," it is unnecessary to remand for a jurisdictional redetermination. *Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). Here, it is apparent that the AJ's negation of MSPB jurisdiction is not in accordance with law. That decision warrants reversal. *See Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 774 n.5 (1985) (the MSPB's decision must be reversed "if it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," quoting 5 U.S.C. § 7703(c)).

The question of "jurisdiction" is squarely presented for review. We should decide it, whereby this remand would go directly to the merits of the IRA appeal. From my colleagues' indecisive action, and the further delay that accompanies it, I respectfully dissent.