NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARCUS COLICELLI,**

*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**

*Respondent*

---

2020-2048

---

Petition for review of the Merit Systems Protection Board in No. DC-4324-19-0769-I-1.

---

Decided: December 27, 2021

---

BRIAN J. LAWLER, Pilot Law, P.C., San Diego, CA, argued for petitioner.

STEPHEN J. SMITH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, MARTIN F. HOCKEY, JR., GEOFFREY MARTIN LONG.

---

Before LOURIE, MAYER, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Marcus Colicelli seeks review of a decision of the Merit Systems Protection Board ("board") denying his claim seeking an award of additional paid military leave for calendar years 2016, 2017, and 2018. *See Colicelli v. Dep't of Veterans Affs.*, No. DC-4324-19-0769-I-1, 2020 WL 1915737 (M.S.P.B. Apr. 14, 2020). For the reasons discussed below, we vacate in part and remand.

## BACKGROUND

Colicelli works as an attorney advisor with the Board of Veterans' Appeals. J.A. 2. He also serves in the United States Army Reserve. J.A. 2. In August 2019, he filed an appeal with the board seeking an award of military differential pay and additional paid military leave for calendar years 2016, 2017, and 2018. J.A. 30–43; *see* 5 U.S.C. §§ 5538(a), 6323(b). An administrative judge of the board granted Colicelli's claim for military differential pay but denied his claim for additional paid military leave. Although the administrative judge determined that Colicelli would have been otherwise eligible for a combined award of sixty-six workdays of paid military leave for his reservist service in calendar years 2016, 2017, and 2018, the judge concluded that Colicelli's claim for such an award was untimely because he had failed to submit requests for additional paid military leave during his periods of active duty. J.A. 4, 14.

Neither party sought review of the administrative judge's initial decision and it became the final decision of the board on May 19, 2020. *See* J.A. 18. On July 27, 2020, Colicelli filed an appeal with this court. The following day, however, he filed a petition with the board seeking to reopen his case pursuant to 5 C.F.R. § 1201.117. *See* J.A. 208–09. In his petition to reopen, Colicelli asserted that he had recently located emails which the Department of Veterans Affairs ("DVA") had failed to produce when his case was before the administrative judge. *See* J.A. 209. Colicelli

contended, moreover, that these emails demonstrated that he had requested an additional twenty-two days of paid military leave during his periods of active duty in 2016 and 2017, *see* J.A. 212–15, and that he had "communicate[d]" with the DVA about obtaining additional paid leave during 2018, *see* J.A. 209. In Colicelli's view, since the DVA "did not produce the emails sent to va.gov email addresses that clearly show [his] timely requests" for additional paid military leave, his case should be reopened and remanded to the administrative judge "for final disposition, taking into account the emails in question." J.A. 209.

On July 29, 2020, the administrative judge denied Colicelli's motion to reopen. He explained that "[w]hen an administrative judge's initial decision becomes the final decision for the [b]oard . . . a request to reopen can be made only to the full [b]oard pursuant to 5 C.F.R. § 1201.118." J.A. 218. The administrative judge then forwarded Colicelli's motion to reopen to the board's clerk. J.A. 219. On July 31, 2020, the clerk sent Colicelli a letter stating that the board would take no further action on his motion to reopen because he had previously "exercised his review rights by filing a pending court appeal." J.A. 202.

## DISCUSSION

This court has jurisdiction over an appeal from a final decision of the board pursuant to 28 U.S.C. § 1295(a)(9). We must set aside a board decision if it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Palmer v. Merit Sys. Prot. Bd.*, 550 F.3d 1380, 1382 (Fed. Cir. 2008).

Pursuant to 5 C.F.R. § 1201.25(c), an agency's response to an appeal filed with the board must include "[a]ll documents contained in the agency record of the action." Colicelli asserts that the DVA violated this provision by failing

to produce emails indicating that he requested twenty-two days of paid military leave in 2016, 2017, and 2018.* He contends, moreover, that if the DVA had produced these emails when his case was before the administrative judge, the judge would have concluded that his claim for additional paid military leave was timely and granted his request for corrective action. Colicelli thus asks this court to set aside the portion of the board's decision denying his claim for additional paid military leave, remand his case to the administrative judge, and order the DVA to produce all communications in its possession related to his requests for additional paid military leave. *See* Br. of Pet'r 6–7.

The government does not dispute that the emails in question could potentially establish that Colicelli submitted timely requests for additional paid military leave. Nor does it dispute that the DVA had an obligation to include such emails in the agency response it filed with the board. *See, e.g.*, *Rodriguez v. Dep't of Veterans Affs.*, 8 F.4th 1290, 1296 (Fed. Cir. 2021) (explaining that "issues not addressed in the argument section of a party's opening brief are considered waived").

Because "[w]e are a court of review, not of first view," *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005), we decline to determine, in the first instance, whether the email communications cited by Colicelli are sufficient to establish that he filed timely requests for additional paid military leave. *See, e.g.*, *Hessami v. Merit Sys. Prot. Bd.*, 979 F.3d 1362, 1371 (Fed. Cir. 2020); *Holderfield v. Merit Sys. Prot. Bd.*, 326 F.3d 1207, 1209–10 (Fed. Cir. 2003). We therefore

---

\* Colicelli asserts that these "emails clearly show that in 2016 and 2017, [he] specifically requested [twenty-two] days of leave, and in 2018 received a response from the [DVA] about something, which [he] believes [was] another request for [twenty-two] days of leave." Br. of Pet'r 5 (citing J.A. 212–16).

vacate the portion of the board's decision denying Colicelli's claim for additional paid military leave and remand with instructions that an administrative judge: (1) order the DVA to produce all records in its possession related to Colicelli's requests for additional paid military leave; and (2) determine, based on a properly constituted record, whether Colicelli is entitled to the relief he seeks.[**]  We have considered the parties' remaining arguments but do not find them persuasive.

## CONCLUSION

Accordingly, the decision of the Merit Systems Protection Board is vacated in part and the case is remanded for further proceedings consistent with this opinion.

**VACATED IN PART AND REMANDED**

## COSTS

No costs.

---

[**]    As discussed previously, the board determined that Colicelli was entitled to an award of military differential pay pursuant to 5 U.S.C. § 5538(a). *See* J.A. 3–12. Because the government did not appeal that determination, Colicelli's eligibility for such differential pay is not at issue here.