NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TANYA JARVIS PICKRON,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1569

---

Petition for review of the Merit Systems Protection Board in No. DA-3443-23-0418-I-1.

---

Decided: December 3, 2024

---

TANYA JARVIS PICKRON, Houston, TX, pro se.

CONSTANCE E. TRAVANTY, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before PROST, BRYSON, and REYNA, *Circuit Judges*.

PER CURIAM.

Tanya Jarvis appeals an order of the Merit Systems Protection Board ("MSPB") dismissing her appeal for lack of jurisdiction. *Jarvis v. Dep't of Veterans Affs.*, No. DA-3443-23-0418-I-1, S.A. 1–13[1] (M.S.P.B. Nov. 8, 2023) ("*Decision*"). For the following reasons, we affirm.

BACKGROUND

Ms. Jarvis was employed as a Supervisory Medical Supply Technician at the Department of Veterans Affairs ("VA") Houston Healthcare System. S.A. 65. As part of this position, she would sometimes work on-call shifts. Employees on the on-call shift "provide[d] coverage during both regular duty hours and after hours, weekends and holidays" to maintain coverage for direct care to patients. S.A. 57. During the scheduled on-call duty, the VA told Ms. Jarvis that she would "receive ten percent of [her] applicable overtime rate for any scheduled on-call duty" per the rate set forth in 38 U.S.C. § 7457. S.A. 63. The VA later suspended Ms. Jarvis's on-call duty and pay.

Ms. Jarvis filed an appeal before the MSPB challenging the removal of her on-call pay. She alleged that her on-call pay was improperly cancelled, that the reasons for cancelling her on-call pay were discriminatory, and that she was entitled to back pay from 2010 to 2018. S.A. 39. The Administrative Judge ("AJ") noted a probable lack of jurisdiction and ordered Ms. Jarvis to file supplemental evidence and argument establishing that the MSPB had jurisdiction over her appeal. S.A. 42–50. After receiving Ms. Jarvis's response, the AJ dismissed her appeal for lack of jurisdiction, concluding that "an agency's termination, reduction [of,] or refusal to grant premium pay does not constitute a reduction in pay action appealable to the [MSPB]." *Decision*, at S.A. 3. The AJ

---

[1] "S.A." refers to the supplemental appendix submitted with the government's informal brief.

also did not consider Ms. Jarvis's discrimination claim due to the lack of an appealable action. *Decision*, at S.A. 4.

Ms. Jarvis did not file a petition for review to the full MSPB, so the AJ's decision became final. Ms. Jarvis timely appealed to this court.

## DISCUSSION

We must assure ourselves of our appellate jurisdiction in every case. *Telcomm Tech. Servs., Inc. v. Siemens Rolm Commc'ns, Inc.*, 295 F.3d 1249, 1251 (Fed. Cir. 2002). Typically, the determination of jurisdiction precedes our examination of the merits. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007). This case, however, presents an odd situation: whether we have appellate jurisdiction and whether the MSPB properly dismissed Ms. Jarvis's appeal turn on the same question. We thus address both questions together.

We review the MSPB's jurisdictional determinations de novo. *Palmer v. MSPB*, 550 F.3d 1380, 1382 (Fed. Cir. 2008). Factual findings underlying the MSPB's jurisdictional determinations are reviewed for substantial evidence. *Bledsoe v. MSPB*, 659 F.3d 1097, 1101 (Fed. Cir. 2011).

We have appellate jurisdiction over "an appeal from a final order or final decision of the [MSPB], pursuant to sections 7703(b)(1) and 7703(d) of title 5." 28 U.S.C. § 1295(a)(9). "Section 7703(b)(1) gives the basic rule: 'Except as provided in paragraph (2) of this subsection, a petition to review a . . . final decision of the [MSPB] shall be filed in the United States Court of Appeals for the Federal Circuit.'" *Kloeckner v. Solis*, 568 U.S. 41, 45 (2012) (quoting 5 U.S.C. § 7703(b)(1)). An exception exists, however, for "[c]ases of discrimination subject to the provisions of section 7702" of title 5. 5 U.S.C. § 7703(b)(2). Those cases are ones where the employee

"has been affected by an action which the employee or applicant may appeal to the [MSPB]," *id.* § 7702(a)(1)(A), and "alleges that a basis for the action was discrimination prohibited by" various other federal laws, *id.* § 7702(a)(1)(B). Cases alleging both an appealable action and discrimination are called mixed cases. *Kloeckner*, 568 U.S. at 44–45. Judicial review in mixed cases must be sought through a lawsuit in federal district court, not by appeal to the Federal Circuit. *Perry v. MSPB*, 582 U.S. 420, 430–31 (2017). But "[s]ome adverse personnel actions may not be appealed to the [MSPB] and therefore do not create mixed cases." *Ash v. OPM*, 25 F.4th 1009, 1011 (Fed. Cir. 2022). Determining whether a given case is a mixed case, and thus whether we have jurisdiction, requires determining whether the employee alleges an adverse action that can be appealed to the MSPB.

Jurisdiction to appeal to the MSPB exists, as relevant here, for "[a]n employee against whom an action is taken." 5 U.S.C. § 7513(d). Some appealable actions are listed in § 7512. If an adverse action in § 7512 is taken against an employee, she "is entitled to appeal to the [MSPB] under section 7701 of this title"—one of the prerequisites for us to exercise appellate jurisdiction in this case. *Id.* § 7513(d). The inquiry, then, into whether we have appellate jurisdiction and into whether the AJ correctly concluded that Ms. Jarvis did not make a non-frivolous allegation of MSPB jurisdiction requires answering the same question: Did Ms. Jarvis allege an action appealable to the MSPB?

Ms. Jarvis alleges that she experienced an appealable "reduction in pay" when her on-call pay was reduced. *Id.* § 7512(4). Pay, as used in this provision, is "the rate of *basic pay* fixed by law or administrative action for the position held by an employee." *Id.* § 7511(a)(4) (emphasis added). Thus, not all kinds of pay reductions are appealable to the MSPB—only reductions in "basic pay."

We have held that "a reduction in premium pay" is not a reduction in basic pay. *Nigg v. MSPB*, 321 F.3d 1381, 1385 (Fed. Cir. 2003). On-call pay is one of these kinds of premium pay. At the VA, on-call pay is set at 10 percent of the hourly rate for excess service provided. 38 U.S.C. § 7453(h); *see also id.* § 7457(a). Two statutory subsections even refer to on-call pay as "premium pay." *Id.* § 7457(b)(2), (c)(2). Thus, a reduction in on-call pay does not count as a "reduction in pay" under § 7511(a)(4) because on-call pay is not basic pay. *Cf. Athey v. United States*, 908 F.3d 696, 707 (Fed. Cir. 2018) (concluding that on-call pay under § 7543 is not "additional pay" under the Lump Sum Pay Act). We thus must conclude that Ms. Jarvis cannot appeal her reduction in on-call pay to the MSPB.

Since reduction in on-call pay is not appealable to the MSPB, we affirm the AJ's determination that the MSPB lacks jurisdiction over Ms. Jarvis's appeal. *See Nigg*, 321 F.3d at 1384.

## CONCLUSION

We have considered Ms. Jarvis's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the MSPB's determination that it lacked jurisdiction over Ms. Jarvis's claims.

## **AFFIRMED**

### COSTS

No costs.