NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**LUIS J. SOTO,**
*Petitioner*

**v.**

**UNITED STATES POSTAL SERVICE,**
*Respondent*

_____

2025-1275

_____

Petition for review of the Merit Systems Protection Board in No. NY-0752-23-0059-I-1.

_____

Decided: December 2, 2025

_____

LUIS J. SOTO, Rio Grande, PR, pro se.

ELINOR JOUNG KIM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by MICHAEL GRANSTON, TARA K. HOGAN, PATRICIA M. MCCARTHY, YAAKOV ROTH.

_____

Before TARANTO, BRYSON, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

In 2023, the United States Postal Service (agency) terminated the employment of Louis J. Soto-Soto (petitioner). Petitioner then filed a grievance through his union, as permitted under the relevant collective bargaining agreement (CBA). While his union grievance was pending, petitioner also filed an appeal to the Merit Systems Protection Board (Board). The assigned Board administrative judge (AJ) issued an initial decision affirming petitioner's removal, and the Board affirmed. *See Soto v. United States Postal Service*, No. NY-0752-23-0059-I-1, 2023 WL 4051636 (M.S.P.B. June 13, 2023) (*2023 Decision*); *Soto v. United States Postal Service*, No. NY-0752-23-0059-I-1, 2024 WL 4457970 (M.S.P.B. Oct. 9, 2024) (*2024 Decision*).

Petitioner's primary argument to us is that the Board lacked jurisdiction to hear his case because he had filed the union grievance. He also argues that the agency violated his due process rights because the agency allegedly failed to provide him with notice of his union grievance rights and the agency employee who removed him had an alleged conflict of interest. We affirm the Board's determination.

I

Before the removal at issue, Petitioner worked as a lead sales-and-services associate in the Canovanas Post Office in Puerto Rico and as a shop steward for the American Postal Workers Union (Union), AFL-CIO Local 1070. *2023 Decision*, at 2.[1] On July 29, 2022, a supervisor from a different post office came to the Canovanas Post Office to

---

[1]    For the *2023 Decision*, we use the AJ's own pagination (1–44), shown on the version in the Supplemental Appendix (S. Appx.) at 11–54.

discuss union grievances with petitioner. S. Appx. 64. Petitioner physically attacked this supervisor, striking him with his shoulder and a binder. *Id.* The agency then placed petitioner on paid administrative leave and forbade him to enter the agency's facilities except as a customer—an order he defied repeatedly in 2022. *2023 Decision*, at 4–5.

Petitioner's supervisor issued a Notice of Proposed Removal on January 3, 2023, charging him with "improper conduct and failure to follow instructions." S. Appx. 64. On February 9, 2023, the designated deciding official for the proposed removal, upon considering petitioner's written reply to the Notice, the seriousness of the conduct and relevant mitigating factors, concluded that petitioner had preconduct notice that his conduct violated agency policy. *2023 Decision*, at 7, 26–28. The deciding official also determined that removal was a reasonable penalty. *Id.* at 7. Petitioner's removal took effect eight days later. *Id.* at 1.

Because petitioner was a preference-eligible employee, *see 2024 Decision*, at *2; 5 U.S.C. §§ 2108, 3330a (establishing certain employment rights for veterans), he was entitled to invoke two procedural mechanisms to challenge his removal: (1) arbitration, by filing a grievance through his Union pursuant to the CBA, and (2) an appeal to the Board. *See Mays v. United States Postal Services*, 995 F.2d 1056, 1060 (Fed. Cir. 1993). Petitioner invoked both mechanisms. *2024 Decision*, at *2. He filed a grievance on January 7, 2023, and he appealed to the Board on February 14, 2023. *2023 Decision*, at 1; ECF No. 2 at 262 (Petitioner's uncorrected opening brief).

On June 13, 2023, the Board AJ affirmed the removal. *2023 Decision*, at 1–44. The AJ determined that the agency had established by a preponderance of the evidence that petitioner engaged in misconduct. *Id.* at 7–18. Specifically, the AJ found that the testimony of the agency's witnesses showed that the 2022 physical altercation occurred, *id.* at 13–15, and that petitioner admitted his defiance of the

agency order not to enter its property except as a customer, *id.* at 20. The AJ also determined that the agency established a nexus between the sustained charges and the efficiency of the service and that removal was reasonable because petitioner knew of the agency's strict policy against conduct of this type yet violated it without remorse. *Id.* at 24–29.

The AJ rejected petitioner's contentions that he had not been advised of his right to file a grievance under the CBA, finding that such advice was given to him in the January 2023 Notice of Proposed Removal and the Union had in fact filed a grievance on his behalf. *Id.* at 29, 34–36. The AJ also discussed the CBA, both giving an on-line source for the CBA itself and quoting the Union's manual interpreting the CBA. *Id.* at 36. According to the manual, CBA Article 16.9, addressing the situation when a preference-eligible employee files both a union grievance and an appeal to the Board, states that the Board appeal proceedings take precedence over the union grievance process: "'Grievances of preference eligible employees who also have a live [Board] appeal on the same action will not be scheduled for arbitration until a final determination is reached on the [Board] appeal.'" *Id.* at 36 (quoting Union's manual). (We note that the on-line source bears this out.) Finally, the AJ rejected petitioner's contention that the deciding official for his removal lacked impartiality, finding that the evidence in the record did not support that contention. *Id.* at 36–37.

On July 12, 2023, petitioner sought full Board review, arguing for the first time that the Board lacked jurisdiction over his appeal. *2024 Decision*, at *1; S. Appx. 60. The Board denied his petition for review and affirmed its initial decision on October 9, 2024. *2024 Decision*, at *1. In particular, regarding the lack-of-jurisdiction argument, which rested on the assertions that (1) the agency forced him to appeal to the Board and (2) he was not provided notice of his union arbitration rights, the Board rejected the

premises, because petitioner conceded that he had been notified of his union grievance rights and actually had filed a union grievance. *Id.* at *1–2.

Petitioner seeks this court's review. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II

We may set aside the Board's decision if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board possessed jurisdiction to hear an appeal is a question of law that we review de novo. *Palmer v. Merit Systems Protection Board*, 550 F.3d 1380, 1382 (Fed. Cir. 2008). Factual findings, including those on which a jurisdictional determination is based, are reviewed for substantial-evidence support. *Bolton v. Merit Systems Protection Board*, 154 F.3d 1313, 1316 (Fed. Cir. 1998). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. National Labor Relations Board*, 305 U.S. 197, 229 (1938).

## A

Petitioner argues that (1) his due process rights were violated because he received inadequate notice of his union arbitration rights and (2) the Board lacked jurisdiction over his appeal because he initiated a union grievance and the CBA prevents the Board from adjudicating his appeal. Petitioner Opening Br. at 2–3; Petitioner Reply Br. at 1–2. Neither argument has merit.

Petitioner provides no support for the proposition that he received inadequate notice of his right to file and pursue a grievance under the CBA. *See* Petitioner Reply Br. at 2. We discern no error in the Board's findings that adequate notice was provided, as the record reflects that petitioner

was aware of his rights under the CBA and actually did file a union grievance. *2024 Decision*, at \*1–2.

Petitioner also provides no support for the assertion that his exercise of his arbitration rights under the CBA precluded the Board from adjudicating his appeal. As a preference-eligible employee of the agency, petitioner was permitted by statute to seek review of the removal decision through an appeal to the Board *and* through arbitration under the CBA, and he chose to pursue relief under both mechanisms. *Bacashihua v. Merit Systems Protection Board*, 811 F.2d 1498, 1502 (Fed. Cir. 1987) (discussing the inapplicability of 5 U.S.C. § 7121 to the agency); *see Mays*, 995 F.2d at 1060. Nothing in the statute ousts the Board of jurisdiction to proceed in that circumstance. Nor does petitioner identify anything in the CBA that does so. Petitioner Opening Br. at 1–5; Petitioner Reply Br. at 1–5. To the contrary, according to the Union's manual interpreting the CBA, both proceedings remain live and it is the grievance proceeding that stalls for the Board to proceed, not the reverse: "'Grievances of preference eligible employees who also have a live [Board] appeal on the same action will not be scheduled for arbitration until a final determination is reached on the [Board] appeal.'" *2023 Decision*, at 36. The Board, therefore, did not err in adjudicating the Board appeal.

## B

We understand petitioner to argue that his due process rights were also violated because the deciding official had an alleged conflict of interest because he served as a witness against petitioner in a separate Union-related matter. Petitioner Opening Br. at 3; ECF No. 2 at 12–14 (Petitioner's uncorrected opening brief). The Board did not err in rejecting this argument. The record is devoid of factual support for this assertion that could overcome the recognition that, in the employment setting, a deciding official is not generally disqualified by knowledge of the employee or

the employee's prior conduct. *See Norris v. Securities and Exchange Commission*, 675 F.3d 1349, 1354 (Fed. Cir. 2012); 5 C.F.R. § 752.404.

### III

For the foregoing reasons, we affirm the Board's decision that it possessed jurisdiction over petitioner's appeal and its decision on the merits of petitioner's appeal.

The parties shall bear their own costs.

**AFFIRMED**